# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **T-K-O EQUIPMENT CO.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **Case No.:_____** |
| **KOLBERG-PIONEER, INC.; JOHNSON** | § | |
| **CRUSHERS INTERNATIONAL, INC.;** | § | |
| **and ASTEC MOBILE SCREENS, INC.** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |
| | § | |

## DEFENDANTS' NOTICE OF REMOVAL

Removing Parties Kolberg-Pioneer, Inc. ("KPI"), Johnson Crushers International, Inc. ("JCI") and Astec Mobile Screens, Inc. ("AMS") (collectively, "Defendants"), respectfully show this Court:

1.      Plaintiff T-K-O Equipment Co. ("T-K-O" and/or "Plaintiff"), filed a Complaint dated February 27, 2017 in in the Dallas County District Court, Dallas, Texas,  styled T-K-O Equipment Co., v. Kolberg-Pioneer, Inc.; Johnson Crushers International, Inc. and Astec Mobile Screens, Inc.; Cause No. DC-17-02592 ("Complaint").  Summonses were issued, and each of the Defendants has now been served with a copy of the Complaint.

2.      Removal to this Court is proper under 28 U.S.C. §§ 1441(a) and 1332 because there is diversity between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00, excluding interest, costs, and attorneys' fees.

       a.        <u>The Amount in controversy exceeds $75,000</u>.  According to the Complaint's Prayer for relief, Plaintiff claims monetary damages in excess of one million dollars ($1 Million).

       b.        <u>The Plaintiff and Defendants have diverse citizenship</u>: Texas vs. Tennessee and Nevada.

       (1)      Plaintiff T-K-O is a Texas Corporation, with its principal place of business in Dallas County, Texas. (Complaint, ¶ 3).

       (2)      Defendant KPI is a Tennessee Corporation, with its principal place of business in Yankton, South Dakota.  (Complaint, ¶ 4).

       (3)      Defendant JCI is a Tennessee Corporation, with its principal place of business in Eugene, Oregon.  (Complaint, ¶ 5).

       (4)      Defendant AMS is a Nevada Corporation, with its principal place of business in Sterling, Illinois.  (Complaint, ¶ 6).

3.      <u>Defendants' Removal is Timely Under 28 U.S.C. § 1446(b)</u>.  28 U.S.C. § 1446(b) affords a defendant the power to remove an action filed in state court "within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…."  <u>See</u> 28 U.S.C. § 1446(b).

Defendants received a draft copy of the Complaint for the first time on March 3, 2017, and Defendants have removed this action within 30 days thereof.

4.      Under 28 U.S.C. § 1446(a), Defendants have attached hereto a copy, <u>Collective Exhibit A</u>, of the original Complaint and the Summons served upon each Defendant and all pleadings and papers filed to date by the parties in the state court action.

5.      In accord with 28 U.S.C. § 1446(d), Defendants are filing a copy of this Notice of Removal with the Clerk of the District Court, Dallas County, Texas.

6.      All Defendants who have been properly joined and served join in and consent to the removal of this case to federal court, per 28 U.S.C. § 1446(b)(2)(A).

7.      Venue is proper in this court under 28 U.S.C.  § 1441(a) because the state court where the case has been pending is located in this district.

WHEREFORE, Defendants, Kolberg-Pioneer, Inc., Johnson Crushers International, Inc. and Astec Mobile Screens, Inc. request the above-captioned action be removed from the District Court, Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas, Texas.

Dated this 22nd day of March, 2017.

Respectfully submitted,

CANTEY HANGER LLP

/s/ John Polzer
John Polzer
State Bar No. 24042609
Scott A. Fredricks
State Bar No. 24012657
1999 Bryan Street, Ste. 3300
Dallas, Texas 75201
Telephone: 214.978.4100
Facsimile: 214.978.4150
Email: jpolzer@canteyhanger.com
          sfredricks@canteyhanger.com

~and~

CHAMBLISS, BAHNER & STOPHEL, P.C.
Richard W. Bethea, Jr., *pro hac vice to be filed*
Tennessee State Bar No. 006352
John G. Jackson, *pro hac vice to be filed*
Tennessee State Bar No. 013840
605 Chestnut Street, Suite 1700
Liberty Tower
Chattanooga, TN 37450
Telephone: 423.757.0249
Facsimile: 423.508-1249
Email: rbethea@chamblisslaw.com
        jjackson@chamblisslaw.com

*Counsel for Defendants, Kolberg-Pioneer, Inc.,*
*Johnson Crushers International, Inc., and Astec*
*Mobile Screens, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument was forwarded via certified mail, return receipt requested and by E-Mail on this the 24th day of March, 2017 to the following counsel of record:

>Jeffrey S. Lowenstein
>Randall K. Lindley
>Rachel O. Mathisen
>Bell, Nunnally & Martin, LLP
>3232 McKinney Avenue, Suite 1400
>Dallas, Texas 75204-2429
>Email: jlowenstein@bellnunnally.com
>       rlindley@bellnunnally.com
>       rmathisen@bellnunnally.com

>*Counsel for Plaintiff*

>/s/ John Polzer
>John Polzer

**DEFENDANTS' NOTICE OF REMOVAL – Page 5**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF TEXAS

## DALLAS DIVISION

| | | |
|---|---|---|
| T-K-O EQUIPMENT CO., | § | |
|     Plaintiff, | § | |
| v. | § | Case No.:_____ |
| KOLBERG-PIONEER, INC.; JOHNSON | § | |
| CRUSHERS INTERNATIONAL, INC.; | § | |
| and ASTEC MOBILE SCREENS, INC. | § | |
|     Defendants. | § | |
| | § | |
| | § | |
| | § | |

## INDEX OF COLLECTIVE EXHIBIT A
## TO DEFENDANTS NOTICE OF REMOVAL

1.    State Court docket sheet printed March 21, 2017

2.    Plaintiff's Original Petition and Application for Preliminary and Permanent Injunctive Relief with Exhibit A, filed 02/27/2017

3.    State Court Civil Case Information Sheet, filed 02/27/2014

4.    Citation issued to Johnson Crushers International, Inc., Issued 03/07/2017

5.    Citation issued to Kolberg-Pioneer, Inc., Issued 03/07/2017

6.    Citation issued to Astec Mobile Screens, Issued 03/07/2017

7.    Notice of Hearing for Dismissal for Want of Prosecution, filed 03/07/2017

8.    Citation Return of Service for Johnson Crushers International, Inc., filed 03/13/2017

9.    Citation Return of Service for Kolberg-Pioneer, Inc., filed 03/13/2017

10.    Citation Return of Service for Astec Mobile Screens, filed 03/13/2017

11.    Plaintiff's Emergency Motion for Expedited Discovery, filed 03/23/2017

EXHIBIT A

## Case Information

DC-17-02592 | T-K-O EQUIPMENT CO. vs. KOLBERG-PIONEER, INC., et al

| Case Number | Court | File Date |
|---|---|---|
| DC-17-02592 | 134th District Court | 02/27/2017 |
| Case Type | Case Status | |
| OTHER (CIVIL) | OPEN | |

## Party

PLAINTIFF
T-K-O EQUIPMENT CO.

Address
C/O BELL NUNNALLY & MARTIN, LLP
3232 MCKINNEY AVE., STE. 1400
DALLAS TX 75204

Active Attorneys ▾

Lead Attorney
LOWENSTEIN, JEFFREY
Retained

Work Phone
214-740-1400

Fax Phone
214-740-1499

DEFENDANT
KOLBERG-PIONEER, INC.

Address
C/O SECRETARY OF STATE, CITATIONS UNIT
P.O. BOX 12079
AUSTIN TX 78701

DEFENDANT
JOHNSON CRUSHERS INTERNATIONAL, INC.

Address
C/O SECRETARY OF STATE, CITATIONS UNIT
P.O. BOX 12079
AUSTIN TX 78711

DEFENDANT
ASTEC MOBILE SCREENS, INC.

Address
BY SERVING ITS REGISTERED AGENT NATIONAL REGISTERED AGENTS INC
1999 BRYAN STREET, SUITE 900
DALLAS TX 75201-3136

## Events and Hearings

02/27/2017 NEW CASE FILED (OCA) - CIVIL

02/27/2017 ORIGINAL PETITION ▾

Plaintiff's Original Petition and Application for Preliminar

02/27/2017 CASE FILING COVER SHEET ▾

Civil Case Information Sheet.pdf

02/27/2017 ISSUE CITATION

03/07/2017 CITATION ISSUED ▾

DC17-2592 CIT.pdf

03/07/2017 CITATION ISSUED ▾

DC17-2592 CIT SOS A.pdf

DC17-2592 CIT SOS B.pdf

    Comment
    SOS

03/07/2017 NOTICE OF DISMISSAL FOR WANT OF PROSECUTION ▾

NOTICE OF DISMISSAL FOR WANT OF PROSECUTION

    Comment
    NOTICE OF DISMISSAL FOR WANT OF PROSECUTION

03/07/2017 CITATION SOS/COI/COH/HAG ▾

Anticipated Server
ESERVE

Anticipated Method
Actual Server
OUT OF COUNTY

Returned
03/13/2017
Anticipated Server
ESERVE

Anticipated Method
Actual Server
OUT OF COUNTY

Returned
03/13/2017
Comment
ESERVE/CM SOS

03/07/2017 CITATION ▾

Anticipated Server
ESERVE

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
03/13/2017
Comment
ESERVE/CM

03/13/2017 RETURN OF SERVICE ▾

JOHNSON CRUSHERS

    Comment
    SOS CITAITON - JOHNSON CRUSHERS INTERNATIONAL INC

03/13/2017 RETURN OF SERVICE ▾

KOLBERG-PIONEER

Comment
SOS CITATION - KOLBERG-PIONEER INC

03/13/2017 RETURN OF SERVICE ▾

CIT ASTEC MOBILE SCREENS INC

Comment
CITATION ASTEC MOBILE SCREENS INC

04/10/2017 MOTION HEARING ▾

Judicial Officer
TILLERY, DALE

Hearing Time
12:00 PM

Comment
PL/APPLICATION FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF FILED 02/27/17 1H POSSIBLE 1 ADD'L HOUR NEEDED.JUDY 214-880-6681

05/19/2017 DISMISSAL FOR WANT OF PROSECUTION ▾

Judicial Officer
TILLERY, DALE

Hearing Time
10:00 AM

## Financial

T-K-O EQUIPMENT CO.

|  |  |  |
|---|---|---|
| Total Financial Assessment | | $319.00 |
| Total Payments and Credits | | $319.00 |

| 3/6/2017 | Transaction Assessment | | $319.00 |
|---|---|---|---|
| 3/6/2017 | CREDIT CARD - TEXFILE (DC)   Receipt # 13937-2017-DCLK   T-K-O EQUIPMENT CO. | ($319.00) | |

## Documents

Plaintiff's Original Petition and Application for Preliminar

Civil Case Information Sheet.pdf

DC17-2592 CIT.pdf

DC17-2592 CIT SOS A.pdf

DC17-2592 CIT SOS B.pdf

NOTICE OF DISMISSAL FOR WANT OF PROSECUTION

JOHNSON CRUSHERS

KOLBERG-PIONEER

CIT ASTEC MOBILE SCREENS INC

FILED
DALLAS COUNTY
2/27/2017 6:35:27 PM
FELICIA PITRE
DISTRICT CLERK

Christi Underwood

CAUSE NO. _____ DC-17-02592

| | | |
|---|---|---|
| **T-K-O EQUIPMENT CO.,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **_____ JUDICIAL DISTRICT** |
| **KOLBERG-PIONEER, INC.; JOHNSON** | § | |
| **CRUSHERS INTERNATIONAL, INC.;** | § | |
| **and ASTEC MOBILE SCREENS, INC.,** | § | |
| | § | |
| **Defendants.** | § | **DALLAS COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

Plaintiff T-K-O Equipment Company ("T-K-O" of "Plaintiff") hereby complains of Defendants Kolberg-Pioneer, Inc.; Johnson Crushers International, Inc.; and Astec Mobile Screens, Inc. (collectively, "KPI-JCI" or "Defendants").

### DISCOVERY CONTROL PLAN & MONETARY RELIEF

1.      Discovery is intended to be conducted under Level 3, pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

2.      T-K-O seeks monetary relief over $1,000,000.00 in addition to injunctive relief.

### PARTIES

3.      Plaintiff T-K-O is a Texas corporation with its principal place of business in Dallas County, Texas.

4.      Defendant Kolberg-Pioneer, Inc. ("KPI") is a Tennessee corporation. KPI is a foreign corporation and does not maintain a registered agent for service of process within Texas or a regular place of business in Texas. This suit arises out of KPI's business in Texas.  KPI may be served with process at its offices located at 700 W. 21st St., Yankton, South Dakota 57078. Pursuant to TEX. CIV. PRAC. & REM. CODE § 17.044(b), KPI may be served with citation through

the Secretary of State for the state of Texas at Citations Unit, P.O. Box 12079, Austin, Texas 78711-2079 or 1018 Brazos Street, Austin, Texas 78701.  The Texas Secretary of State shall mail a copy of the citation and the petition to KPI at its place of business at Kolberg-Pioneer, Inc., Inc., 700 W. 21st St., Yankton, South Dakota 57078, or wherever they may be found.

5.      Defendant Johnson Crushers International, Inc. ("JCI") is a Tennessee corporation. JCI is a foreign corporation and does not maintain a registered agent for service of process within Texas or a regular place of business in Texas. This suit arises out of JCI's business in Texas. JCI may be served with process at its offices located at 86470 Franklin Blvd., Eugene, Oregon 97405.  Pursuant to TEX. CIV. PRAC. & REM. CODE § 17.044(b), JCI may be served with citation through the Secretary of State for the state of Texas at Citations Unit, P.O. Box 12079, Austin, Texas 78711-2079 or 1018 Brazos Street, Austin, Texas 78701.  The Texas Secretary of State shall mail a copy of the citation and the petition to JCI at its place of business at Johnson Crushers International, Inc., 86470 Franklin Blvd, Eugene, Oregon 97405, or wherever they may be found.

6.      Defendant Astec Mobile Screens, Inc. ("Astec") is a Nevada corporation. Astec may be served in Texas through its registered agent for service of process, National Registered Agents, Inc., 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over Defendants because they have purposefully directed their activities to the State of Texas as alleged herein and the controversy arises out of or is related to Defendants' contacts with the State of Texas and/or, on information and belief, Defendants have purposefully availed themselves of the privileges of conducting activities in the State of Texas and the amount in controversy is within the jurisdictional limits of the Court.

8.      Pursuant to Section 15.002 of the Texas Civil Practice and Remedies Code, venue is proper in Dallas County, Texas because a substantial part of the events or omissions giving rise to the causes of action asserted herein occurred in Dallas County, Texas.

## FACTS

9.      T-K-O is primarily engaged in the business of selling and leasing machinery, equipment, and related parts to end users for use in industrial, construction, and mining activities. KPI-JCI has supplied T-K-O with machinery, equipment, and related parts for T-K-O to ultimately sell or lease to its customers for the past 15 years.

10.      T-K-O's business relationship with KPI-JCI currently operates under a dealer agreement entered on or about June 1, 2010 ("the Dealer Agreement").[1] The Dealer Agreement establishes the rights and obligations of T-K-O and KPI-JCI with respect to the purchase and sale of machinery, equipment, and related parts. According to the terms of the Dealer Agreement, T-K-O has the non-exclusive right to purchase KPI-JCI machinery, equipment, and related parts and accessories within a specified Texas territory.

11.      The Dealer Agreement permitted T-K-O to buy products and related parts from two of KPI-JCI's products groups—the Mobile Products Group ("Mobile Products") and the Portable & Stationary Aggregate Processing Products Group ("Aggregate Processing Products")—at dealer cost and then sell or lease these products and related parts to the ultimate users of the equipment, machinery, and parts.

12.      Pursuant to the Dealer Agreement, T-K-O sold and leased new and used KPI-JCI machinery and equipment to its customers.

---

[1] A true and correct copy of the Dealer Agreement is attached hereto as <u>Exhibit A</u> and fully incorporated herein by reference.

13.     Additionally, a significant portion of T-K-O's profit from its transactions with KPI-JCI comes from its sale and installation of KPI-JCI parts into T-K-O's leased machinery as well as the machinery sold to its customers. Further, as part of its rental business, T-K-O continuously purchases and inventories parts in order to maintain the viability of its rental fleet. T-K-O also maintains this large inventory of KPI-JCI parts to support the repair and warranty services that T-K-O provides KPI-JCI customers. As a result, T-K-O stocks and inventories one of the larger parts inventories among KPI- JCI dealers.

14.     Because T-K-O has leased or sold KPI-JCI machinery to its customers, T-K-O's customers have an ongoing need for KPI-JCI parts, repairs, and related accessories. KPI-JCI is the primary supplier of these parts for KPI-JCI machinery.

15.     As a KPI-JCI dealer, T-K-O tirelessly promoted the KPI-JCI brand. T-K-O supported KPI-JCI by providing exceptional and rapid service to KPI-JCI machinery owners and lessees. In certain instances, T-K-O has repaired at its own expense KPI-JCI equipment that KPI-JCI refused to pay for under its warranty. T-K-O made these repairs in order to maintain good customer relations within its territory. T-K-O became synonymous with KPI-JCI to the customers in Texas.

16.     In May 2016, KPI-JCI initiated discussions to exercise the Dealer Agreement's non-exclusive clause to "explore other avenues to move tracked machines" into the territory. KPI-JCI and T-K-O did not discuss the possibility of terminating any part of the Dealer Agreement. T-K-O was told that it made no difference if T-K-O agreed or not. The decision had been made.

17.     On June 24, 2016, however, KPI-JCI sent correspondence informing T-K-O that its right to deal in all Mobile Products, including track machines was terminated effective upon

receipt of the letter (the "June Termination"). The termination letter did not provide a reason for termination but did attach two graphs: one depicting KPI-JCI's declining market share and one comparing the track shipments of every member of the Association of Equipment Manufacturers with T-K-O's track shipments. KPI-JCI told T-K-O that they could continue dealing KPI-JCI machinery and parts and that T-K-O was meeting KPI-JCI's expectations for sales of washing products, which are Aggregate Processing Products.

18.     On January 31, 2017, KPI-JCI delivered a second termination letter, in which KPI-JCI asked T-K-O to agree to terminate its representation of the Aggregate Processing Products (the "January Termination"). This proposed agreement effectively asked T-K-O to agree to terminate the entire Dealer Agreement and would end all sales of machinery and parts.

19.     KPI-JCI has entered into an agreement with Texas Bearing Company, Inc. ("Texas Bearing") for it to represent Astec mobile screen products within T-K-O's established territory. As a result, KPI-JCI and Texas Bearing representatives have solicited T-K-O's existing customers, including one instance in December 2016 when at least one T-K-O customer was told that after January 1, 2017, T-K-O would no longer be a dealer for KPI-JCI. In addition, Texas Bearing solicited and hired a T-K-O employee trained in crushing and aggregate equipment and machinery repairs. KPI-JCI representatives and T-K-O customers were well acquainted with this former employee.

20.     Finally, on February 27, 2017, KPI-JCI delivered a letter purporting to terminate the entire Dealer Agreement upon receipt (the "February Termination").

### COUNT ONE—VIOLATION OF THE FAIR PRACTICES OF EQUIPMENT MANUFACTURERS, DISTRIBUTORS, WHOLESALERS, AND DEALERS ACT

21.     T-K-O, as dealer, and KPI-JCI, as supplier, entered into a valid Dealer Agreement for the purchase and sale of machinery, equipment, and parts to be used in industrial,

construction, and/or mining activities. Therefore, the Dealer Agreement is governed by the Texas Fair Practices of Equipment Manufacturers, Distributors, Wholesalers, and Dealers Act (the "Dealer Act"). *See* TEX. BUS. & COM. CODE Ann. §§ 57.001–155 (West).[2]

22.      KPI-JCI violated the Dealer Act by purporting to terminate the Dealer Agreement without following the strict guidelines for termination under the Dealer Act. *See* § 57.153. The June Termination and the January Termination combined, had the effect of attempting to terminate the entire Dealer Agreement. *See* § 57.002(21). Additionally, the February Termination explicitly terminated the entire Dealer Agreement. None of these terminations provides a good cause reason for termination. *See* § 57.154–155. Further, T-K-O has not engaged in any conduct constituting good cause for termination under the Dealer Act. *See* § 57.154. Finally, KPI-JCI failed to provide T-K-O a chance to cure any deficiency. *See* § 57.155.

23.      KPI-JCI violated the Dealer Act by terminating T-K-O's right to purchase Mobile Products without good cause. *See* § 57.153. Because the June Termination drastically limited the line of products in which T-K-O could deal compared to other dealers and allowed other entities to deal within T-K-O's territory, the June Termination changed the competitive circumstances of the Dealer Agreement. *See* § 57.002(21). The June Termination failed to provide a good cause reason for termination or a chance to cure. *See* §§ 57.154–55. T-K-O has not done anything that would constitute good cause under the Dealer Act. *See* § 57.154.

24.      KPI-JCI violated the Dealer Act by terminating T-K-O's right to purchase Aggregate Processing Products without good cause. *See* § 57.153. Because the January

---

[2] The Act applies to any dealer agreement entered into before the Act's September 1, 2011, effective date if it is a continuing contract without a termination date. 2011 Tex. Sess. Law Serv. Ch. 1039 (H.B. 3079) (VERNON'S); *see also* TEX. BUS. & COM. CODE ANN. § 55.001 (West) (Repealed by Acts 2011, 82nd Leg., ch. 1039 (H.B. 3079) § 3, eff. Sept. 1, 2011) (limiting a supplier's ability to terminate a dealer agreement). The Dealer Agreement was entered into in 2010 and has no termination date. Therefore, the Dealer Act applies to this Dealer Agreement. Further, the Dealer Act provides that any provision attempting to apply the law of another state is void. TEX. BUS. & COM. CODE ANN. § 57.051 (West).

Termination drastically limited the line of products in which T-K-O could deal compared to other dealers and allowed other entities to deal within T-K-O's territory for the first time, the January Termination changed the competitive circumstances of the Dealer Agreement. *See* § 57.002(21). The January Termination failed to provide a good cause reason for termination or a chance to cure. *See* §§ 57.154–155.   T-K-O has done nothing that would constitute good cause under the Dealer Act. *See* § 57.154.

25.     As a result of KPI-JCI's termination of the Dealer Agreement in violation of the Dealer Act, T-K-O has sustained actual and consequential damages recoverable under Section 57.401 of the Dealer Act as a consequence of KPI-JCI's violation of the Dealer Act. *See* § 57.401. These damages include but are not limited to damages for lost profits, loss of goodwill, reliance damages, and expectation damages for loss in value, costs of delay, cost of mitigation, and cost of substitute performance. *See* § 57.401. Specifically, T-K-O has incurred and will continue to incur costs including but not limited to lost revenues from being prevented from leasing and selling KPI-JCI machinery, equipment, parts, and services; costs of locating new generic parts to repair T-K-O's rental fleet and equipment owned by its customers; losses associated with unsold KPI-JCI inventory; the cost of promoting KPI-JCI for over 15 years; costs associated with attempting to mitigate damages by attempting to enter into other dealer agreements; and overhead costs associated with developing KPI-JCI's customers, training T-K-O employees to repair and sell KPI-JCI machinery, and maintaining and storing KPI-JCI parts and machinery.

26.     These damages are within the jurisdiction of this Court.

## PRELIMINARY INJUNCTION

27.     T-K-O seeks injunctive relief for unlawful termination, which the Dealer Act explicitly allows. *See* § 57.401. T-K-O asks this Court to set its application for preliminary injunction for hearing and, after the hearing, issue a preliminary injunction preventing KPI-JCI from terminating the Dealer Agreement and requiring KPI-JCI to continue performing under the Dealer Agreement.

28.     T-K-O is likely to prevail on the merits because KPI-JCI unequivocally terminated T-K-O's rights to deal in KPI-JCI's products under the Dealer Agreement in violation of the Dealer Act. The Dealer Act was specifically enacted to provide damages and injunctive relief for this exact behavior by equipment suppliers. *See* § 57.401.

29.     Without an injunction, T-K-O will suffer immediate irreparable harm during the pendency of this action. First, because KPI-JCI and its representatives are directly contacting and soliciting T-K-O's customers, KPI-JCI's violation of the Dealer Act is immediately harming T-K-O by threatening its relationship with its clients. Losing clients to other dealers is an irreparable harm and cannot be undone at the termination of this suit. Second, a significant portion of T-K-O's profitability from its relationship with KPI-JCI comes from the sale of parts. T-K-O would be forced to purchase parts from a KPI-JCI dealer at an increased cost. T-K-O would not only have to establish new manufacturer relationships, it would also have to locate a generic part that fits KPI-JCI machinery. T-K-O would expend considerable time and effort attempting to find a supplier that can replicate the parts needed. Indeed, T-K-O would lose a large percentage of its customer base while it scrambles to find replacement parts because it would not be able to service its lessee's machinery and provide repair and replacement services to the machinery it has sold. Adding to the urgency of maintaining its inventory, because of the

enormous scale of this machinery, a broken or out-of-service KPI-JCI machine can bring costly and extensive construction, industrial, or mining projects to a complete stop.

30.     Without issuance of a preliminary injunction, T-K-O will not have an adequate remedy at law. Monetary damages will not restore T-K-O loss of customers, which, as explained above, is imminent. T-K-O has spent 15 years building its reputation as a KPI-JCI dealer of equipment, machinery, and parts and services. Cutting off its supply of parts will destroy this reputation, which money or a judgment at the end of the case cannot fix. Cutting off the parts supply at dealer cost will kill a substantial and essential part of T-K-O's business.

31.     T-K-O seeks to enjoin KPI-JCI from terminating the Dealer Agreement. Further, T-K-O requests that this Court enjoin KPI-JCI from entering into or performing any other agreement with another dealer or entity for the sale, lease, or service of KPI-JCI machinery, parts, and equipment within T-K-O's established territory. T-K-O asks this Court to enjoin KPI-JCI from contacting T-K-O's customers, directly or indirectly, about its purported termination of the Dealer Agreement or the sale of KPI-JCI machinery, parts, and equipment by any other dealer.

32.     T-K-O has joined all indispensable parties under TEXAS RULE OF CIVIL PROCEDURE 39.

33.     T-K-O is willing to post a bond as required by the Court.

### PERMANENT INJUNCTION

34.     T-K-O further asks the Court to set its request for a permanent injunction for a full trial on the merits and, after the trial, issue a permanent injunction against KPI-JCI.

## ATTORNEYS' FEES

35.     As a result of KPI-JCI's attempted termination of the Dealer Agreement in violation of the Dealer Act, T-K-O has been required to retain the law firm of Bell Nunnally & Martin LLP to enforce T-K-O's rights. T-K-O has agreed to pay the firm a reasonable fee for its services.  T-K-O has incurred, and will continue to incur, reasonable attorneys' fees, paralegal fees, and actual costs of the action, which it seeks to recover as damages from KPI-JCI pursuant to Section 57.401(a) of the Texas Business and Commerce Code.

## CONDITIONS PRECEDENT

36.     All conditions precedent to T-K-O's recovery have been fully performed, have occurred, or have been waived.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, T-K-O Equipment Co. requests that Defendants Kolberg-Pioneer, Inc., Johnson Crushers International, Inc., and Astec Mobile Screens, Inc. be cited to appear and answer this Petition and that upon a hearing for the preliminary injunction, that, for the pendency of this suit, this Court enjoin KPI-JCI from:

a.  terminating the Dealer Agreement;

b.  entering into or performing any other agreement with another dealer or entity for the sale, lease, or service of KPI-JCI machinery, parts, and equipment within T-K-O's established territory; and

c.  contacting T-K-O's customers, directly or indirectly, about its purported termination of the Dealer Agreement or the sale of KPI-JCI machinery, parts, and equipment by any other dealer.

Further, upon a final hearing that T-K-O Equipment Co. have judgment against Defendants as follows:

a.      A permanent injunction preventing Defendants from: terminating the Dealer Agreement; entering into or performing any other agreement with another dealer or entity for the sale, lease, or service of KPI-JCI machinery, parts, and equipment within T-K-O's established territory; and contacting T-K-O's customers, directly or indirectly, about its purported termination of the Dealer Agreement or the sale of KPI-JCI machinery, parts, and equipment by any other dealer;

b.      Damages in an amount over $1,000,000.00;

c.      Pre- and post-judgment interest at the maximum rate allowed by Texas law;

d.      Reasonable attorneys' fees and expenses for pre-trial, trial, and any subsequent appeal and petitions for review;

e.      All costs of suit; and

f.      All such other and further relief, at law and in equity, to which Plaintiff may be entitled in law or equity.

Respectfully submitted,

**BELL NUNNALLY & MARTIN LLP**

By:      */s/ Jeffrey S. Lowenstein*
         Jeffrey S. Lowenstein
         State Bar No. 24007574
         jlowenstein@bellnunnally.com
         Randall K. Lindley
         State Bar No. 12367300
         rlindley@bellnunnally.com
         Rachel O. Mathisen
         State Bar No. 24102155
         rmathisen@bellnunnally.com

3232 McKinney Avenue, Suite 1400
Dallas, Texas 75204-2429
Telephone:  (214) 740-1400
Telecopy:  (214) 740-1499

**ATTORNEYS FOR PLAINTIFF
T-K-O EQUIPMENT CO.**

3090151_1.docx / 7972.52





EXHIBIT

**A**

# Kolberg – Pioneer, Inc., Johnson Crushers International, Inc. and Astec Mobile Screens, Inc.

# Dealer Agreement

---

# T-K-O Equipment Company
## 2850 Hardrock Road
## Grand Prairie, TX 75050

---

KOLBERG-PIONEER, INC.
SALES: (800) 542-9311
SERVICE: (800) 766-9793
PARTS:  (800) 532-9311

JOHNSON CRUSHERS INTERNATIONAL, INC.
SALES: (800) 314-4656
SERVICE: (866) 875-4058
PARTS: (888) 474-0115

ASTEC MOBILE SCREENS, INC.
SALES: (800) 545-2125
SERVICE: (800) 545-2125
PARTS: (800) 545-2125



# INDEX

| Item Description | | Page |
|---|---|---|
| 1. | Nature and Scope of Dealership | 1 |
| 2. | Territory | 2 |
| 3. | Dealer Responsibilities | 2 |
| 4. | Dealer Performance Review | 3 |
| 5. | Sales to Dealer | 4 |
| 6. | Warranty | 4 |
| 7. | Duration and Termination of Dealership | 7 |
| 8. | Effect of Termination and Related Obligations | 9 |
| 9. | Repurchase of Products by KPI/JCI & AMS upon Termination | 10 |
| 10. | Transactions after Termination | 11 |
| 11. | No Responsibility for Other Shipments | 11 |
| 12. | No Further Representations | 11 |
| 13. | Application of Dealer's Credits | 11 |
| 14. | Insurance | 11 |
| 15. | Taxes | 12 |
| 16. | Trademarks and Names | 12 |
| 17. | Sale to Others | 12 |
| 18. | Insecurity | 12 |
| 19. | Notice | 13 |
| 20. | Not Assignable; Benefit | 13 |
| 21. | Entire Agreement | 13 |
| 22. | Alteration | 13 |
| 23. | Severability | 13 |
| 24. | Performance | 14 |
| 25. | Governing Law | 14 |
| 26. | Arbitration | 14 |
| Authorization | | 15 |
| Schedule A, Products | | 17 |
| Schedule B, Area of Primary Responsibility | | 18 |
| Maps | | 19 |
| Schedule C, Standard Conditions of Sale | | 20 |
| Schedule D, Dealer Contact List | | 24 |
| Schedule E, Dealer Locations | | 25 |

KOLBERG-PIONEER, INC.
SALES: (800) 542-9311
SERVICE: (800) 766-9793
PARTS: (800) 532-9311

JOHNSON CRUSHERS INTERNATIONAL, INC.
SALES: (800) 314-4656
SERVICE: (866) 875-4058
PARTS: (888) 474-0115

ASTEC MOBILE SCREENS, INC.
SALES: (800) 545-2125
SERVICE: (800) 545-2125
PARTS: (800) 545-2125

14



# KOLBERG-PIONEER, INC., JOHNSON CRUSHERS INTERNATIONAL, INC., AND ASTEC MOBILE SCREENS, INC. DEALER AGREEMENT

This Agreement is made between KOLBERG-PIONEER, INC., a Tennessee corporation with offices located in Yankton, South Dakota ("KPI"), JOHNSON CRUSHERS INTERNATIONAL, INC., a Tennessee corporation with offices located in Eugene, Oregon ("JCI"), ASTEC MOBILE SCREENS, INC., a Nevada corporation with offices located in Sterling, Illinois ("AMS") and T-K-O Equipment Company ("DEALER"). KPI, JCI, and AMS may hereafter be jointly referred to as "SUPPLIER." In consideration of the mutual covenants and promises contained herein, the parties agree as follows:

## 1.    NATURE AND SCOPE OF DEALERSHIP

SUPPLIER appoints DEALER to be an authorized dealer of those SUPPLIER PRODUCTS listed in Schedule A, attached, together with repair parts therefore, (collectively, the "PRODUCTS") in the TERRITORY identified below.

SUPPLIER grants to DEALER the right to purchase the PRODUCTS, subject to the terms and conditions of this Agreement, and SUPPLIER's applicable Conditions of Sale as set forth in Schedule C, attached, as amended by SUPPLIER from time to time, in its sole discretion.

The parties intend to create an independent contractor relationship between them and agree that DEALER shall be an independent contractor for all purposes. Nothing in this Agreement shall be construed as constituting the DEALER as an employee, agent, or legal representative of SUPPLIER for any purpose whatsoever. DEALER has no right or authority to assume or create any obligation or responsibility, expressed or implied, on behalf of or in the name of SUPPLIER or to bind SUPPLIER in any manner whatsoever.

SUPPLIER may, at its sole discretion and with or without notice to DEALER, discontinue the manufacture and/or sale of any PRODUCT. Any PRODUCT whose manufacture and/or sale is so discontinued will no longer be subject to this Agreement. SUPPLIER may, at its sole discretion and with or without notice to DEALER, make changes or improvements at any time in the specifications, construction, or design of the PRODUCTS without incurring any obligation to DEALER or any end-user or having to apply any such changes to PRODUCTS previously sold. PRODUCTS so changed or improved will be accepted by DEALER in fulfillment of existing orders.

<u>SUPPLIER</u>    <u>DEALER</u>

1

15



## 2.    TERRITORY

DEALER shall be responsible for selling the PRODUCTS only within the area of primary responsibility set forth on Schedule B, attached (the "TERRITORY"). DEALER accepts this appointment and agrees that the relationship between DEALER and SUPPLIER shall be governed by the terms and conditions of this Agreement. DEALER agrees to assume responsibility, as hereinafter described, for the sale and service of PRODUCTS. DEALER shall not have any exclusive selling rights.

In the event DEALER fails to maintain an adequate organization and to promote, sell and service the PRODUCTS in accordance with this Agreement, SUPPLIER shall have the right to withdraw any portion of TERRITORY from DEALER with thirty (30) days' written notice to DEALER.

## 3.    DEALER RESPONSIBILITIES

DEALER agrees that at DEALER's own expense, DEALER shall use its best efforts:  (i) to promote and develop the sale of the PRODUCTS in the TERRITORY in order to achieve sales objectives and market penetration satisfactory to SUPPLIER; (ii) to provide and maintain, at the locations described in Schedule D, suitable facilities for the sale, service, display and storage of the PRODUCTS; (iii) to establish and maintain facilities at such other locations as may be mutually agreed upon by SUPPLIER and DEALER; and (iv) to provide at all times a high standard of service to owners and renters of SUPPLIER's PRODUCTS.

In order to carry out these responsibilities, DEALER will, at its own expense:

A. Employ and maintain a staff of sales, service and other personnel adequately trained to carry out DEALER's responsibilities under this Agreement;

B. Demonstrate and actively promote the sale of the PRODUCTS throughout the TERRITORY;

C. Cooperate in SUPPLIER's advertising and sales promotion programs;

D. Display SUPPLIER's identification signs of the type, and in a manner and in places approved by SUPPLIER;

SUPPLIER    DEALER



E. Render prompt, workmanlike, courteous, and willing service in the TERRITORY, including warranty and non-warranty service, with respect to all of SUPPLIER's PRODUCTS, regardless of when, where, or by whom sold;

F. Provide service equipment and maintain an adequate supply of spare or replacement parts, necessary to promptly meet the service needs of users of SUPPLIER's PRODUCTS in the TERRITORY;

G. Send sales, service and parts personnel to conferences and schools provided by SUPPLIER;

H. Not deliver any PRODUCT until it has been properly set up, adjusted and inspected; a copy of SUPPLIER's warranty has been delivered to and acknowledged by the purchaser; a copy of the operator's manual has been furnished to the purchaser; the purchaser or anyone purchaser designates has been instructed as to the safe and proper operation of the PRODUCTS; and the purchaser or anyone the purchaser designates has read and understands the operator's manual;

I. Supervise DEALER's customer's initial setup of the PRODUCTS;

J. Submit delivery, warranty registration, and customer information documents promptly to purchaser and SUPPLIER;

K. Maintain an adequate supply of current SUPPLIER sales and service publications;

L. Meet such other reasonable standards of performance and minimum annual sales quotas as may be established by SUPPLIER;

M. Provide to SUPPLIER a current annual financial statement on or before January 31st of each year that this Agreement is in effect;

N. Comply with all provisions and obligations of this Agreement.

**4.      DEALER PERFORMANCE REVIEW**

In order that a satisfactory level of DEALER sales and service performance be maintained, SUPPLIER may, at its sole discretion, set standards of performance and minimum annual sales quotas for DEALER. SUPPLIER may from time to time conduct



a performance review with DEALER to monitor DEALER's compliance with performance standards and quotas as well as other responsibilities under this Agreement. At such a review, DEALER agrees to make available DEALER employees whose attendance would contribute to the overall value of the review. Specific deficiencies, which are noted, together with conclusions and recommendations developed from the review, may be incorporated into a written report, which will be supplied to DEALER for its study. Promptly thereafter, DEALER shall initiate appropriate corrective action. If DEALER fails to initiate and complete such corrective action satisfactory to the SUPPLIER, SUPPLIER may terminate this Agreement pursuant to Paragraph 7 (B) (IX).

## 5.   SALES TO DEALER

All of DEALER's orders for the PRODUCTS shall be considered accepted only if accepted by SUPPLIER in writing or by shipment. All orders will be subject to the terms and conditions of this Agreement and SUPPLIER's applicable Conditions of Sale in effect when the order is placed by DEALER. DEALER agrees to order the PRODUCTS on SUPPLIER's order forms, when such forms are made available to DEALER. SUPPLIER agrees that it will at all times use its best efforts to ship promptly; but it shall not be responsible for failure to ship on time or fill orders where prevented by any cause beyond SUPPLIER's reasonable control, or if the demand for any PRODUCTS shall exceed SUPPLIER's available supply.

The prices which DEALER shall pay for the PRODUCTS shall, unless otherwise agreed to in writing, be those established by SUPPLIER, and in effect on date of shipment of the PRODUCTS, such prices to be determined by the then current Price Lists, Price Bulletins, and applicable Schedule of Terms and Discounts which may be charged by SUPPLIER in its sole discretion from time to time. Delivery of the PRODUCTS by SUPPLIER to any carrier for transportation to DEALER shall constitute delivery to DEALER and DEALER shall bear all risk of loss or damage thereafter.

## 6.   SUPPLIER'S WARRANTY

SUPPLIER warrants its PRODUCTS to DEALER only on the terms contained herein and DEALER agrees to extend this same warranty (and no other) to each purchaser of the PRODUCTS at the time of sale, and to provide each purchaser with a copy of this warranty prior to completion of the sale. SUPPLIER reserves the right in its sole discretion to modify any portion of these warranty provisions from time to time as it sees fit with reasonable advance notice to DEALER.

| | |
|---|---|
| _____ | _W̲S̲_ |
| SUPPLIER | DEALER |

4



# WARRANTY CLAIM NOTIFICATION

**SUPPLIER's liability hereunder is conditioned on DEALER (or in the event of a direct sale to first end-user, then on first end-user) giving notice in writing to SUPPLIER of any alleged defect. Such notice must be given immediately upon the discovery of such alleged defect, and must be received by SUPPLIER no later than thirty (30) days after the expiration of the warranty period.**

## SCOPE OF WARRANTY

SUPPLIER warrants, for a period commencing with the date of receipt of the goods by the first-end user and continuing for a period of twelve (12) months or two thousand (2000) hours based on an eight (8) hour day, whichever comes first, all machinery and parts manufactured by SUPPLIER to be free from defects in workmanship and material. If, within the warranty period, any machinery or parts shall be proved to the satisfaction of SUPPLIER to be defective, the defective items shall be replaced or, at SUPPLIER's option, repaired at a SUPPLIER factory location specified by SUPPLIER, F.O.B. such factory, at no charge (providing the defective machinery or parts are returned to such factory). At its option, SUPPLIER may repair, or arrange to have repaired, any defective machinery or parts, at the location of DEALER, at the yard location or operating site of the first end-user, or at any other suitable location at no charge to the first end-user and at no charge to DEALER other than those specified herein.

## REMEDY LIMITATIONS

**The right to have defective machinery or parts repaired or replaced as set forth above shall constitute DEALER's and the first end-user's sole and exclusive remedy. SUPPLIER may, at its sole discretion, refund the purchase price of the defective machinery or parts in lieu of repairing or replacing them, provided the defective machinery or parts are returned to SUPPLIER freight prepaid to a factory location specified by SUPPLIER, and such return is authorized by SUPPLIER. SUPPLIER may, at its sole discretion, waive the requirement that defective machinery or parts be returned to its factory in connection with a warranty claim.**

**The obligation of SUPPLIER under this warranty is limited to the repair or replacement of defective machinery or parts described above. Labor for warranty repair will be paid under a formula determined by SUPPLIER. With regard to machinery, parts or accessories which are furnished by SUPPLIER, but not manufactured by it, the warranty obligation of SUPPLIER shall be limited to and be the same as that of its supplier. No warranty shall apply to any used machinery**

| _____ | _____ |
|:---:|:---:|
| SUPPLIER | DEALER |



or part.  No warranty shall apply to PRODUCTS which, in SUPPLIER's opinion, have been adversely affected by the use, on or with the PRODUCTS, of parts, attachments, equipment or lubricants not either manufactured, sold or authorized by SUPPLIER.

No warranty shall apply to machinery, parts or accessories which have been furnished, repaired or altered by others so as (in the opinion of SUPPLIER) to have affected the same adversely.  No warranty shall apply to machinery, parts or accessories which (in the opinion of SUPPLIER) have been subject to accident, negligence, or improper operation, installation, maintenance, storage, care or abnormal use during or after shipment.

SUPPLIER warrants that field services conducted by it will be performed in a good workmanlike manner.  The liability of SUPPLIER in connection with field services shall be limited to a refund of the amount it charged for such services, if any.

Inasmuch as the work to be performed by the purchaser or end-user with the machinery or parts furnished by SUPPLIER will vary according to the materials used, local conditions and the results required, SUPPLIER can not and does not warrant or represent that machinery or parts furnished by it will handle specific materials or will produce specific results from such materials.

SUPPLIER is wholly discharged from all liability under the foregoing warranties in the event that purchaser of the machinery or parts fails to pay for the goods promptly and in accordance with the terms of the purchase agreement.

SUPPLIER does not warrant or represent that any machinery, parts or accessories furnished by it meet any federal, state, or local statutes, codes, ordinances, rules, standards, or other regulations covering safety, pollution, electrical wiring and so forth.

## WARRANTY LIMITATIONS AND DISCLAIMER

SUPPLIER MAKES NO REPRESENTATION OR WARRANTY OF ANY OTHER KIND, EXPRESS OR IMPLIED, WITH RESPECT TO THE PRODUCTS, WHETHER AS TO MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE OR ANY OTHER MATTER, ANY SUCH WARRANTIES BEING HEREBY EXPRESSLY EXCLUDED.
SUPPLIER DOES NOT AUTHORIZE ANYONE TO MAKE ANY OTHER WARRANTY EXCEPT AS STATED HEREIN.

_____    _WLS_____
SUPPLIER       DEALER

20



## REIMBURSEMENT AND INDEMNIFICATION

SUPPLIER will reimburse DEALER for warranty service performed on the PRODUCTS in accordance with SUPPLIER's warranty, reimbursement policies and procedures in effect at the time warranty work is performed.

DEALER assumes all risk and liabilities for and agrees to indemnify, hold harmless and defend SUPPLIER against any claim, demand, suit, expense or liability (including, without limitation, reasonable attorneys' fees) which may result from any breach of this Agreement by DEALER, from any unauthorized representations, warranties, or guarantees made by DEALER, from any unauthorized modifications of PRODUCTS by DEALER, or from any other acts or omissions of DEALER.

## EXCLUSION OF CONSEQUENTIAL DAMAGES

**SUPPLIER SHALL IN NO EVENT BE RESPONSIBLE FOR SPECIAL, INCIDENTAL OR CONSEQUENTIAL DAMAGES CAUSED BY ANY PRODUCTS SOLD HEREUNDER, WHETHER ON THEORIES OF BREACH OF EXPRESS OR IMPLIED WARRANTIES UNDER THE UNIFORM COMMERCIAL CODE, STRICT LIABILITY, NEGLIGENCE OR ANY OTHER LEGAL THEORY REGARDLESS OF WHETHER THE LOSS RESULTED FROM ANY GENERAL OR PARTICULAR REQUIREMENT OR NEED WHICH SUPPLIER KNEW ABOUT OR HAD REASON TO KNOW ABOUT AT THE TIME OF THE SALE OF SUCH PRODUCTS.**

## 7.   DURATION AND TERMINATION OF DEALERSHIP

This Agreement shall continue in effect until terminated by one or both of the parties as hereinafter provided.

A. This Agreement may be terminated by notice at any time for any reason, upon thirty (30) days written notice by DEALER to SUPPLIER,  or upon sixty (60) days written notice by SUPPLIER to DEALER, or as mutually agreed upon in writing by both parties, or

B. SUPPLIER may terminate this Agreement by notice immediately upon the occurrence of any of the following events:

I. DEALER makes an assignment for benefit of creditors or is subject to any receivership, insolvency, or bankruptcy proceedings;

SUPPLIER    DEALER

21



II.  Cancellation, suspension, or other revocation of licenses, permits, or authorization necessary to conduct a business in accordance with this Agreement;

III.  Sale, lease, or other transfer of DEALER's assets which in SUPPLIER'S opinion may affect the ability of DEALER to operate the business pursuant to this Agreement;

IV.  Dishonesty, fraudulent conduct, false claims or misrepresentations made in any of DEALER's dealings with SUPPLIER or customers, lessees or others concerning the PRODUCTS;

V.  Dissolution or liquidation if DEALER is a partnership, limited liability company or corporation;

VI.  Change in the ownership or control of DEALER, whether due to death or otherwise, which in SUPPLIER's opinion may affect the DEALER's ability to operate the business pursuant to this Agreement;

VII.  Default by DEALER in any indebtedness to SUPPLIER, or notification to SUPPLIER of a termination of significant lines of credit or any guarantee of indebtedness by a personal guarantor;

VIII.  An act or omission by DEALER which in SUPPLIER's opinion will reduce sales of SUPPLIER's equipment; or

IX.  DEALER violates any provision of this Agreement or fails to perform any of its obligations under this Agreement.

SUPPLIER may also terminate this Agreement for non-payment by DEALER of sums due SUPPLIER effective 14 days after notice to DEALER; provided, however, that if, during such 14-day period DEALER cures such default by payment of all overdue sums, plus interest and costs to SUPPLIER, then this Agreement shall remain in effect.

DEALER agrees to notify SUPPLIER of the occurrence of any of the events described in Subparagraph B above.  Failure to so notify is grounds for immediate termination.

SUPPLIER          DEALER

22



## 8. EFFECT OF TERMINATION AND RELATED OBLIGATIONS

Upon termination of this Agreement:

A. SUPPLIER is relieved of any obligation to make any further shipments and may cancel, without liability, DEALER's unshipped orders for PRODUCTS;

B. Neither party shall be released from the payment of any sum then owing to the other;

C. All indebtedness of DEALER to SUPPLIER shall become immediately due and payable, and shall be paid immediately by DEALER to SUPPLIER;

D. On any PRODUCT which may be shipped after termination or notice thereof, SUPPLIER may establish terms of cash on delivery or cash prior to shipment;

E. DEALER will cease to operate as or represent that DEALER is an authorized dealer, and will discontinue use of any identification which associates DEALER with SUPPLIER;

F. DEALER will remove all signs and advertising displays bearing the name of "KOLBERG-PIONEER, INC.," "KOLBERG," "PIONEER," "JOHNSON CRUSHERS," "ASTEC MOBILE SCREENS," or any other trade names, trademarks or service marks of SUPPLIER from its business establishment, and thereafter will not use such names and trademarks in connection with any business conducted by DEALER;

G. DEALER will return and deliver to SUPPLIER all catalogs, price lists, service manuals, bulletins, owners manuals, and current advertising materials and other material or literature relating to the sale, merchandising, operation, or servicing of the PRODUCTS which were furnished to DEALER by SUPPLIER;

H. DEALER will return and deliver to SUPPLIER all sales records, ownership lists, service history records, and any other material of any kind, relating to the sale, operation or servicing of the PRODUCTS, including repair parts covered by this Agreement. Parts repair manuals remain at all times the property of SUPPLIER; and

SUPPLIER    DEALER

23



I.  Neither SUPPLIER nor DEALER shall be liable to the other for any damage caused by the termination of this Agreement, whether based on loss of anticipated sales or prospective profits, expenditures, investments, leases, property improvements or other matters related to the business of the parties.

The following provisions shall survive termination of this Agreement and remain enforceable thereafter:  Paragraphs 6, 9, 10, 15, 25, and 26.

## 9.   REPURCHASE OF PRODUCTS BY SUPPLIER UPON TERMINATION

If DEALER, within thirty (30) days before the effective date of termination of this Agreement by SUPPLIER, notifies SUPPLIER in writing that it desires to re-sell to SUPPLIER any of the following items purchased by DEALER from SUPPLIER, or if SUPPLIER, at its option, desires to repurchase such items, SUPPLIER will purchase and DEALER will sell, pursuant to the terms of this Paragraph 9, the following:

A.  All new, current, undamaged, sellable and unused PRODUCTS and attachments thereto, provided they contain all parts and accessories as shipped to DEALER and currently being floor planned or financed by SUPPLIER or an affiliate of SUPPLIER for DEALER.  The price to be paid by SUPPLIER shall be the net price charged to DEALER (but not more than the current net price) less transportation costs previously paid or incurred by DEALER, less any cash, subsidies or other discounts which may have been allowed or paid by SUPPLIER, less 5% handling charges.

B.  All new, current, undamaged, sellable and unused parts.  The return of and payment for all such parts is subject to and shall be made in accordance with the applicable provisions in the latest Parts Return Policy issued by SUPPLIER. DEALER shall be responsible for proper identification of all such parts.

DEALER will return all such items within thirty (30) days after notification to return is given by SUPPLIER to DEALER.  All items returned to SUPPLIER pursuant to this Paragraph 9 shall be packed and loaded by DEALER, at no cost to SUPPLIER, and returned to destination specified by SUPPLIER.  Upon receipt of said items, SUPPLIER shall inspect the same and shall as soon as practical issue credit for all such items so returned which, in its judgment, meet the requirements specified herein.

DEALER shall not be entitled to payment or credit until DEALER furnishes evidence satisfactory to SUPPLIER that DEALER has complied with all bulk sales and other

_WLS_

‾‾‾‾‾‾‾‾‾      ‾‾‾‾‾‾‾‾‾
SUPPLIER      DEALER

24



applicable laws, and that such PRODUCTS are free and clear of all claims, liens and encumbrances.

It is specifically agreed that, if DEALER initiates termination of this Agreement, SUPPLIER shall have no obligation to repurchase inventory but may, at its option, repurchase inventory in accordance with this Paragraph 9.

## 10.    TRANSACTIONS AFTER TERMINATION

In the event the parties have any business transactions after termination of this Agreement, such transactions shall not be construed as a renewal of this Agreement, or as a waiver of termination, but all such transactions shall be governed by terms identical to the provisions of this Agreement, unless otherwise agreed to by the parties in writing.

## 11.    NO RESPONSIBILITY FOR OTHER SHIPMENTS

SUPPLIER assumes no responsibility and shall not be liable to DEALER for any commission or damages should any PRODUCTS be shipped into or sold in DEALER's area by another party.

## 12.    NO FURTHER REPRESENTATIONS

SUPPLIER makes no representation, warranty or guarantee regarding the sales volume or profit DEALER may derive from business operations conducted pursuant to this Agreement.  DEALER acknowledges and agrees that, in entering into this Agreement, it has not relied on any representation, promise or warranty other than the representations, promises and warranties of SUPPLIER contained in this Agreement.

## 13.    APPLICATION OF DEALER'S CREDITS

While this Agreement is in effect, or following its termination, SUPPLIER may apply any amount which it owes DEALER to any amount DEALER owes SUPPLIER.

## 14.    INSURANCE

DEALER shall keep all items in which SUPPLIER has a security interest, and which are under the DEALER's direct or indirect control, insured against all risks of physical damage or loss to such items in an amount which shall be sufficient to prevent SUPPLIER from sustaining any financial loss.   The insurance policy will name SUPPLIER as additional insured, and provide that in the event of a loss the insurer will pay to the insureds, as their interests may appear.  DEALER will furnish SUPPLIER with

_WS_

SUPPLIER     DEALER



certificates of such insurance which shall provide for ten (10) days prior written notice to SUPPLIER of cancellation.

DEALER shall carry public liability insurance with bodily injury and property damage limits satisfactory to SUPPLIER. Such insurance shall be written on an occurrence basis. The insurance policy will name SUPPLIER as an additional insured. DEALER shall furnish SUPPLIER with certificates of such insurance, which shall provide ten (10) days prior written notice to SUPPLIER of cancellation.

The insurance coverage maintained by DEALER hereunder shall be in a form that is reasonably acceptable to SUPPLIER. Such insurance shall be issued by companies that are reasonably acceptable to SUPPLIER.

## 15.    TAXES

DEALER shall pay all license fees, sales, use, personal property and excise taxes, duties, and any other fees, assessments, or taxes which may be assessed or levied by any governmental authority against any PRODUCTS which are shipped to or are in the possession of DEALER, and will hold SUPPLIER harmless therefrom.

## 16.    TRADEMARKS AND NAMES

DEALER agrees not to use the trademarks, trade names or service marks of SUPPLIER or any of SUPPLIER's affiliates in connection with DEALER's business, except as specifically approved in writing by SUPPLIER. Such approval is not necessary where items containing such marks or names are furnished by SUPPLIER.

## 17.    SALE TO OTHERS

It is understood that SUPPLIER retains the right to select those to whom it will sell, loan or lease the PRODUCTS.

## 18.    INSECURITY

If SUPPLIER shall deem itself insecure, it may refuse to accept orders or make shipments unless satisfactory arrangements for payments are made.

SUPPLIER    DEALER

26



## 19.   NOTICE

The deposit of written notice in the mail, certified or registered with postage pre-paid and addressed to the DEALER at the address shown below, or to KOLBERG-PIONEER, INC., at the address shown below, shall constitute notice pursuant to this Agreement.

## 20.   NOT ASSIGNABLE; BENEFIT

This Agreement shall be binding upon and shall inure to the benefit of the parties hereto, their heirs, successors and assigns; but this Agreement is not divisible and cannot be directly or indirectly assigned or transferred by DEALER either in whole or in part to any person, firm, corporation, or other entity without the express written consent of SUPPLIER.  SUPPLIER may assign or transfer its rights under this Agreement to any person, firm, corporation, or other entity by providing notice to DEALER.

The rights of SUPPLIER under this Agreement shall be enforceable by KPI, JCI, AMS, or any one or more of them.  Without limiting the foregoing, all warranty limitations, remedy limitations, and damage limitations and exclusions shall apply to claims made against KPI, JCI, AMS, or any one or more of them.

## 21.   ENTIRE AGREEMENT

This Agreement (including Schedules A-E attached) is and shall be deemed the complete and final expression between the parties, as to matters herein contained and relative thereto, and supersedes all previous agreements between the parties pertaining to such matters.

## 22.   ALTERATION

Except as otherwise provided for herein, this Agreement cannot be amended, or altered, or any of its provisions waived on behalf of SUPPLIER, except in writing by a duly authorized officer of SUPPLIER.

## 23.   SEVERABILITY

If any provision of this Agreement is found by a court or tribunal of competent jurisdiction to be legally invalid or unenforceable:  (i) the validity and enforceability of the remainder of this Agreement shall not be affected (ii) such provision shall be deemed modified to the minimum extent necessary to make such provision consistent with applicable law and (iii) such provision shall be valid, enforceable and enforced in its modified form.

|  |  |
| --- | --- |
| SUPPLIER | DEALER |



## 24. PERFORMANCE

Any failure of a party to insist upon strict compliance with any provision of this Agreement shall not constitute a waiver thereof for the future, and all provisions herein shall remain in full force and effect. Except as otherwise provided in this Agreement, the rights and remedies of the parties under this Agreement shall be cumulative and not exclusive of one another.

## 25. GOVERNING LAW

This Agreement shall be governed by and construed in accordance with the laws of the State of Nevada, without reference to conflict of laws principles.

## 26. ARBITRATION

Any disputed claim arising out of, or related to, this Agreement, any lease or other contract between DEALER and KPI, JCI, and/or AMS, or any breach or termination thereof or the relationship between the parties shall be finally settled by arbitration administered by the American Arbitration Association (or any successor entity thereof) ("AAA"). The arbitration shall be conducted by a single arbitrator in Yankton, South Dakota. The arbitration shall be conducted in accordance with AAA Commercial Arbitration Rules; provided, however, that any conflict between such rules and this Agreement shall be resolved in favor of this Agreement. The decision of the arbitrator shall be final and binding on the parties and may be enforced in any court of competent jurisdiction.

The preceding paragraph shall not be construed to prohibit a party from obtaining temporary injunctive relief from a court of competent jurisdiction against conduct that may cause loss or damage, pending completion of the arbitration.

_WKE_

_____     _____
SUPPLIER        DEALER

14

28



IN WITNESS WHEREOF, the authorized representatives of the parties have executed this Agreement <u>effective June 1, 2010.</u>

**SUPPLIER**

KOLBERG-PIONEER, INC.,
JOHNSON CRUSHERS
INTERNATIONAL, INC., and
ASTEC MOBILE SCREENS, INC

**DEALER**

*T-K-O Equipment Co.*
    (Firm Name)

by _____
    (Authorized Signature)

by _____
    (Authorized Signature)

Print Name _____

Print Name *Wilburn L Smith*

Title _____

Title *CHM. OF BOARD*

Date _____

Date *Sept 7, 2010*

Authorized signatures of other partners or owners:

_____

_____

_____

SUPPLIER    DEALER



SUPPLIER's address for notices
  under this agreement.

DEALER's address for notices
  under this agreement.

Street: _____**700 W 21ˢᵗ St.**_____

Street: ____2850 Hardrock Rd____

City: _____**Yankton**_____

City: ___Grand Prairie , TX___

State: / Zip: __**South Dakota 57078**__

State: / Zip: ___TX    75050___

Attention: President

WKS

_____   _____
  SUPPLIER           DEALER



## SCHEDULE A

### TO

DEALER AGREEMENT DATED _____ June 1, 2010 _____ .

### PRODUCTS

The PRODUCTS referred to in Section 1 are the following (check only those which apply):

## Mobile Products Group

   **X**    **KPI/JCI/AMS Track Plants**
   **X**    **AMS Screening Plants (self-contained)**

## Portable & Stationary Aggregate Processing Products Group

   **X**    **KPI/JCI Crushing and Screening**
   **X**    **KPI Material Handling**
   **X**    **KPI Washing and Classifying**
   **X**    **AMS High Frequency Screens (non self-contained)**

_____   _____
SUPPLIER   DEALER



# SCHEDULE B

## TO

DEALER AGREEMENT DATED_____**June 1, 2010**_____.

## AREA OF PRIMARY RESPONSIBILITY

Subject to the provisions of this Agreement, the SUPPLIER appoints the DEALER on a non-exclusive basis to promote the sale and service of the PRODUCTS in the following area of primary responsibility.

The following counties in the state of Texas:

Anderson, Angelina, Aransas, Archer, Atascosa, Bandera, Bastrop, Bee, Bell, Bexar, Blanco, Bosque, Bowie, Brazos, Brooks, Brown, Burleson, Burnet, Caldwell, Calhoun, Cameron, Camp, Cass, Cherokee, Clay,  Collin, Comal, Comanche,  Cooke, Coryell, Dallas, Delta, Denton, DeWitt, Dimmit, Duval, Eastland, Ellis, Erath, Falls, Fannin, Franklin, Freestone, Frio, Gillespie, Goliad, Gonzales, Grayson, Gregg, Guadalupe, Hamilton, Harrison, Hays, Henderson, Hidalgo, Hill, Hood, Hopkins, Houston, Hunt, Jack, Jim Hogg, Jim Wells, Johnson, Karnes, Kaufman, Kendall, Kenedy, Kerr, Kinney, Kleberg, Lamar, Lampasas, LaSalle, Lee, Leon, Limestone, Live Oak, Llano, Madison, Marion, Mason, Maverick, McLennan, McMullen, Medina, Milam, Mills, Montague, Morris, Nacogdoches, Navarro, Nueces, Palo into, Panola, Parker, Rains, Real, Red River, Refugio, Robertson, Rockwall, Rusk, Sabine, San Augustine, San Patricio, San Saba, Shelby, Smith, Somervell, Starr, Stephens, Tarrant, Titus, Travis, Trinity, Upshur, Uvalde, Van Zandt, Victoria, Walker, Webb, Wichita, Willacy, Williamson, Wilson, Wise, Wood, Young, Zapata, and Zavala.

SUPPLIER     DEALER

32



**Attach maps on this page.**

SUPPLIER    DEALER

19

33



## SCHEDULE C

### TO

DEALER AGREEMENT DATED_____**June 1, 2010**_____.

### STANDARD CONDITIONS OF SALE

The following provisions apply to all orders for the PRODUCTS placed by DEALER after the effective date hereof with SUPPLIER and to all shipments pursuant to such orders (singularly, an "Order," and collectively, the "Orders"). Placement of any Orders with the SUPPLIER constitutes acceptance of these Conditions of Sale.

**Acceptance of Orders**

All orders for the PRODUCTS shall be considered accepted only if accepted in writing or by shipment. After acceptance, no Order may be cancelled by DEALER without written consent of SUPPLIER. SUPPLIER may require that any oral order be confirmed in writing by DEALER before commencing manufacture or beginning shipment.

**Safety Devices for SUPPLIER Equipment**

All equipment prices in this price list include some safety devices. These safety devices include toe-boards on operator's platforms, additional railings and railing supports, personnel guards at certain pinch-points, additional personnel guards for exposed flywheels and drives, closure on drive guards, and hand holds on ladders. (More detailed information on safety devices for specific equipment is available on request from our factory.) Because the requirements of the various safety laws are not completely clear, and because certain safety devices must be supplied by the user, SUPPLIER DOES NOT AND CANNOT REPRESENT THAT THE PRODUCTS, even with the additional safety devices added, meet all federal, state, and local safety regulations.

SUPPLIER     DEALER

34



## Pollution and Electrical Codes

Because the requirements of various pollution and electrical codes are not completely clear, vary from one area to another, and because certain antipollution devices must be supplied by the user, SUPPLIER DOES NOT AND CANNOT REPRESENT THAT THE PRODUCTS meet all federal, state and local pollution and electrical codes.

## Shipments and Delays

SUPPLIER will attempt to ship units in accordance with DEALER's shipping instructions. In the event DEALER does not furnish shipping instructions, or SUPPLIER is unable to comply with said instructions, SUPPLIER may, without liability, select any other commercially reasonably shipping method or route.

Performance of this Agreement by SUPPLIER, and all orders given hereunder, are subject to strikes, lockouts, accidents, fire, delays in manufacture, transportation, or delivery of materials, acts of God, action of the Government, and other causes beyond the control of SUPPLIER, and said causes shall absolutely absolve SUPPLIER from any liability to DEALER under the terms hereof.

## Prices and Terms of Payment

The prices which DEALER shall pay for the PRODUCTS, and the terms of such payment shall, unless otherwise agreed to in writing, be those established by the SUPPLIER, in effect on date of shipment of the PRODUCTS, such prices and terms to be determined by the then current Price Lists, Price Bulletins, and applicable Schedule of Terms and Discounts as published and amended from time to time. DEALER shall pay all license fees, sales, use, personal property and excise taxes, duties, and any other fees, assessments or taxes, which may be assessed or levied by any governmental authority against any PRODUCTS which are shipped to, or are in the possession of DEALER, and will hold SUPPLIER harmless therefrom.

_WlS_

SUPPLIER   DEALER



### Delivery; Risk of Loss

Delivery of the PRODUCTS by SUPPLIER to any carrier for transportation to DEALER, shall constitute delivery to DEALER and DEALER shall bear all risk of physical loss or damage thereafter. Upon receipt of shipment, DEALER will immediately notify SUPPLIER, within ten (10) days, of all shortages claimed to have existed prior to delivery by SUPPLIER. SUPPLIER will cooperate with DEALER in making claims for damages against any transportation carrier.

### Discontinuance, Improvement, and Design Changes

SUPPLIER may, at its sole discretion and with or without notice to DEALER, discontinue the manufacture and/or sale of any PRODUCT. PRODUCTS whose manufacture and/or sale is so discontinued will no longer be subject to this Agreement. SUPPLIER may, at its sole discretion and with or without notice to DEALER, make changes or improvements at any time in the specifications, construction, or design of the PRODUCTS without incurring any obligation to DEALER or any end-user or having to apply any such changes to the PRODUCTS previously sold. PRODUCTS so changed or improved will be accepted by DEALER in fulfillment of existing orders.

### Preparation

DEALER agrees not to deliver any PRODUCT until: it has been properly set up, adjusted and inspected; a copy of SUPPLIER's warranty has been delivered to and acknowledged by purchaser; a copy of the operator's manual has been furnished to the purchaser; purchaser or anyone purchaser designates has been instructed in the safe and proper operation of the PRODUCT; and purchaser or anyone purchaser designates has read and understands the operator's manual.

### Noncancellation

DEALER may not cancel or terminate for convenience, or direct suspension of manufacture, except on mutually acceptable terms which shall include a cancellation or suspension charge. The minimum cancellation or suspension charge (unless otherwise agreed) shall be 5% of the net sale price of the equipment cancelled or suspended.

| SUPPLIER | DEALER |
| --- | --- |



## Specification Responsibility

Because SUPPLIER may use field photographs of its products which may have been modified by the owners in its catalogs and literature, products furnished by SUPPLIER may not be as illustrated therein. Also, continuous design progress makes it necessary that specifications be subject to change without notice. All sale of products of SUPPLIER are subject to the provisions of its standard warranty. SUPPLIER does not warrant or represent that its products meet any federal, state or local statutes, codes, ordinances, rules, standards or other regulations, including OSHA and MSHA, covering safety, pollution, electrical wiring, etc.

Compliance with these statutes and regulations is the responsibility of the user and will be dependent upon the area and the use to which the product is put by the user. Placement of guards and other safety equipment is often dependent upon the area and the use to which the product is put. A safety study should be made by the user of the application, and, if required, additional guards, warning signs and other safety devices should be installed by the user, wherever appropriate, before operating the products.

Equipment without brakes is not designed to be towed on the highway. It must be placed on a trailer to be towed.

---

SUPPLIER    DEALER

37



## SCHEDULE D

### DEALER CONTACT LIST

PLEASE FILL OUT FOR EACH BRANCH

Company Name _____

Mailing Address _____

Shipping Address _____

Phone _____ Fax _____

## COMPANY OFFICERS

President _____  General Manager _____

CFO/Controller _____  Sales Manager _____

Parts Manager _____  Service Manager _____

Marketing Manager _____

At this location, if different than above or in addition to

General / Branch Manager _____

Service Manager _____  Warranty Administrator _____

Parts Manager _____  Rental Manager _____

Used Equipment Manager _____  Traffic / Shipping Manager _____

Aggregate Sales Specialist _____  Inventory Manager _____

Salesmen selling Products at this location

_____  _____

_____        _____
SUPPLIER                DEALER

38



## SCHEDULE E

### TO

DEALER AGREEMENT DATED _____**June 1, 2010**_____.

The DEALER will maintain facilities at the following locations in accordance with the Agreement.

<u>HOME OFFICE:</u>

Postal Address: _____

Shipping Address: _____

Phone: _____ General Manager: _____

Fax: _____ Branch Manager: _____

Email:_____ Website:_____

<u>BRANCH STORES:</u>

Postal Address: _____

Shipping Address: _____

City: _____, State: _____, Zip Code: _____

Phone: _____ General Manager: _____

Fax _____ Branch Manager: _____

Postal Address: _____

Shipping Address: _____

City: _____ State: _____, Zip Code: _____

Phone: _____ General Manager: _____

Fax _____ Branch Manager: _____

_____      _____
SUPPLIER          DEALER



Postal Address: _____

Shipping Address: _____

City: _____, State: _____, Zip Code: _____

Phone: _____ General Manager: _____

Fax _____ Branch Manager: _____


Postal Address: _____

Shipping Address: _____

City: _____, State: _____, Zip Code: _____

Phone: _____ General Manager: _____

Fax _____ Branch Manager: _____


Postal Address: _____

Shipping Address: _____

City: _____, State: _____, Zip Code: _____

Phone: _____ General Manager: _____

Fax _____ Branch Manager: _____


Postal Address: _____

Shipping Address: _____

City: _____, State: _____, Zip Code: _____

Phone: _____ General Manager: _____

Fax _____ Branch Manager: _____


_____    _____
SUPPLIER              DEALER

40



Postal Address: _____

Shipping Address: _____

City: _____, State: _____, Zip Code: _____

Phone: _____    General Manager: _____

Fax _____    Branch Manager: _____


Postal Address: _____

Shipping Address: _____

City: _____, State: _____, Zip Code: _____

Phone: _____    General Manager: _____

Fax _____    Branch Manager: _____


Postal Address: _____

Shipping Address: _____

City: _____, State: _____, Zip Code: _____

Phone: _____    General Manager: _____

Fax _____    Branch Manager: _____


Postal Address: _____

Shipping Address: _____

City: _____, State: _____, Zip Code: _____

Phone: _____    General Manager: _____

Fax _____    Branch Manager: _____


_____        _____
SUPPLIER                DEALER

41

FILED
DALLAS COUNTY
2/27/2017 6:35:27 PM
FELICIA PITRE
DISTRICT CLERK

Christi Underwood

**CIVIL CASE INFORMATION SHEET**

DC-17-02592

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____   COURT *(FOR CLERK USE ONLY):* _____

STYLED   T-K-O Equipment Co. v. Kolberg-Pioneer Inc.; Johnson Crushers International, Inc.; and Astec Mobile Screens, Inc.
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** Rachel O. Mathisen <br> **Address:** 3232 McKinney Ave. #1400 <br> **City/State/Zip:** Dallas, TX 75204-2429 <br> **Signature:** *Rachel O. Mathisen* | **Email:** rmathisen <br> **Telephone:** 214-740-1400 <br> **Fax:** 214-740-1499 <br> **State Bar No:** 24102155 | **Plaintiff(s)/Petitioner(s):** T-K-O Equipment Co. <br><br> **Defendant(s)/Respondent(s):** Kolberg-Pioneer, Inc. <br> Johnson Crushers International, Inc. <br> Astec Mobile Screens, Inc. <br> *(Attach additional page as necessary to list all parties)* | ☒ Attorney for Plaintiff/Petitioner <br> ☐ *Pro Se* Plaintiff/Petitioner <br> ☐ Title IV-D Agency <br> ☐ Other: <br><br> **Additional Parties in Child Support Case:** <br> Custodial Parent: <br><br> Non-Custodial Parent: <br><br> Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case *(select only 1)*:**

| Civil | | | Family Law | |
|---|---|---|---|---|

| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-Judgment Actions (non-IV-D)** |
|---|---|---|---|---|
| *Debt/Contract* <br> ☐ Consumer/DTPA <br> ☐ Debt/Contract <br> ☐ Fraud/Misrepresentation <br> ☐ Other Debt/Contract: ___ <br><br> *Foreclosure* <br> ☐ Home Equity—Expedited <br> ☐ Other Foreclosure <br> ☐ Franchise <br> ☐ Insurance <br> ☐ Landlord/Tenant <br> ☐ Non-Competition <br> ☐ Partnership <br> ☐ Other Contract: ___ | ☐ Assault/Battery <br> ☐ Construction <br> ☐ Defamation <br> *Malpractice* <br> ☐ Accounting <br> ☐ Legal <br> ☐ Medical <br> ☐ Other Professional Liability: ___ <br><br> ☐ Motor Vehicle Accident <br> ☐ Premises <br> *Product Liability* <br> ☐ Asbestos/Silica <br> ☐ Other Product Liability <br>    List Product: ___ <br><br> ☒ Other Injury or Damage: <br> violation of Tex. Bus. & Com. <br> Code Chapter 57 | ☐ Eminent Domain/ Condemnation <br> ☐ Partition <br> ☐ Quiet Title <br> ☐ Trespass to Try Title <br> ☐ Other Property: ___ | ☐ Annulment <br> ☐ Declare Marriage Void <br> *Divorce* <br> ☐ With Children <br> ☐ No Children | ☐ Enforcement <br> ☐ Modification—Custody <br> ☐ Modification—Other |

| **Related to Criminal Matters** | **Other Family Law** | **Title IV-D** |
|---|---|---|
| ☐ Expunction <br> ☐ Judgment Nisi <br> ☐ Non-Disclosure <br> ☐ Seizure/Forfeiture <br> ☐ Writ of Habeas Corpus— <br>    Pre-indictment <br> ☐ Other: ___ | ☐ Enforce Foreign Judgment <br> ☐ Habeas Corpus <br> ☐ Name Change <br> ☐ Protective Order <br> ☐ Removal of Disabilities of Minority <br> ☐ Other: ___ | ☐ Enforcement/Modification <br> ☐ Paternity <br> ☐ Reciprocals (UIFSA) <br> ☐ Support Order |

| **Parent-Child Relationship** |
|---|
| ☐ Adoption/Adoption with Termination <br> ☐ Child Protection <br> ☐ Child Support <br> ☐ Custody or Visitation <br> ☐ Gestational Parenting <br> ☐ Grandparent Access <br> ☐ Parentage/Paternity <br> ☐ Termination of Parental Rights <br> ☐ Other Parent-Child: ___ |

| **Employment** | **Other Civil** | |
|---|---|---|
| ☐ Discrimination <br> ☐ Retaliation <br> ☐ Termination <br> ☐ Workers' Compensation <br> ☐ Other Employment: ___ | ☐ Administrative Appeal <br> ☐ Antitrust/Unfair Competition <br> ☐ Code Violations <br> ☐ Foreign Judgment <br> ☐ Intellectual Property | ☐ Lawyer Discipline <br> ☐ Perpetuate Testimony <br> ☐ Securities/Stock <br> ☐ Tortious Interference <br> ☐ Other: ___ |

| **Tax** | **Probate & Mental Health** | |
|---|---|---|
| ☐ Tax Appraisal <br> ☐ Tax Delinquency <br> ☐ Other Tax | *Probate/Wills/Intestate Administration* <br> ☐ Dependent Administration <br> ☐ Independent Administration <br> ☐ Other Estate Proceedings | ☐ Guardianship—Adult <br> ☐ Guardianship—Minor <br> ☐ Mental Health <br> ☐ Other: ___ |

**3. Indicate procedure or remedy, if applicable *(may select more than 1)*:**

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court <br> ☐ Arbitration-related <br> ☐ Attachment <br> ☐ Bill of Review <br> ☐ Certiorari <br> ☐ Class Action | ☐ Declaratory Judgment <br> ☐ Garnishment <br> ☐ Interpleader <br> ☐ License <br> ☐ Mandamus <br> ☐ Post-judgment | ☐ Prejudgment Remedy <br> ☐ Protective Order <br> ☐ Receiver <br> ☐ Sequestration <br> ☐ Temporary Restraining Order/Injunction <br> ☐ Turnover |

**4. Indicate damages sought *(do not select if it is a family law case)*:**
☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☒ Over $1,000,000

Rev 2/13

FORM NO.  353-4—CITATION

~~THE STATE OF TEXAS~~

ESERVE  (SOS)

**CITATION**

To:    **JOHNSON CRUSHERS INTERNATIONAL, INC**
       **BY SERVING THE SECRETARY OF STATE**
       **OFFICE OF THE SECRETARY OF STATE**
       **CITATIONS UNIT - P.O. BOX 12079**
       **AUSTIN, TX, 78711**

No.: **DC-17-02592**

T-K-O EQUIPMENT CO.
vs.
KOLBERG-PIONEER, INC., et al

GREETINGS:
You have been sued. You may employ an attorney.  If you or your attorney do not file a written answer with    the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and  petition, a default judgment may be taken against you.
  Your answer should be addressed to the clerk of the **134th District Court**
at 600 Commerce Street, Dallas, Texas 75202.

  Said **PLAINTIFF** being **T-K-O EQUIPMENT CO.**

Filed in said Court 27th day of February, 2017 against
  **KOLBERG-PIONEER, INC.; JOHNSON CRUSHERS INTERNATIONAL, INC.; AND ASTEC MOBILE SCREENS, INC.**

  For suit, said suit being numbered   **DC-17-02592**  the nature of which demand is as follows:
  Suit On  **OTHER (CIVIL)** etc.
as shown on said petition, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
  Given under my hand and the Seal of said Court at office **on this the 7th day of March, 2017**
ATTEST: FELICIA PITRE
Clerk of the District Courts of Dallas, County, Texas

                      /s/ Carmen Moorer
          By_____, Deputy
                    **CARMEN MOORER**

ISSUED
**ON THIS THE 7TH DAY OF MARCH, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

  By **CARMEN MOORER**, Deputy
_____

Attorney for : Plaintiff
  **JEFFREY LOWENSTEIN**
  **BELL NUNNALLY & MARTIN LLP**
  **3232 MCKINNEY AVE  STE 1400**
  **DALLAS           TX  75204**
  **214-740-1400**

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

**OFFICER'S RETURN**
**FOR INDIVIDUALS**

Cause No. DC-17-02592

Court No: 134th District Court

Style: T-K-O EQUIPMENT CO.
 vs.
KOLBERG-PIONEER, INC., et al

Received this Citation the _____day of_____, 20_____at_____o'clock.  Executed at _____, within the County of _____, State of_____, on the _____day of _____, 20_____, at _____o'clock, by delivering to the within named_____ each in person, a copy of this Citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

**OFFICER'S RETURN**
**FOR CORPORATIONS**

Received this Citation the _____day of_____, 20_____at_____o'clock ___.M.  Executed at _____, within the County of _____, State of_____, on the _____day of _____, 20_____, at _____ o'clock ____ .M. by summoning the within named Corporation, _____ by delivering to _____ _____ ____

_____ President - Vice President - Registered Agent - in person, of the said

_____

a true copy of this citation together with the accompanying copy of Plaintiff's  original petition, having first indorsed on same the date of delivery.

----------000000----------

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:        To certify which witness by my hand.

| | | |
|---|---|---|
| For Serving Citation | $_____ | Sheriff_____ |
| For Mileage | $_____ | County of_____ |
| For Notary | $_____ | State of_____ |
| Total Fees | $_____ | By_____ |

(Must be verified if served outside the State of Texas)
State of_____
County of_____
        Signed and sworn to me by the said_____before me this_____
day of _____, 20_____, to certify which witness my hand and seal of office.

_____

Seal                                             State & County of

_____

FORM NO. 353-4—CITATION

~~THE STATE OF TEXAS~~

**To:** **KOLBERG-PIONEER, INC.**
**BY SERVING THE SECRETARY OF STATE**
**OFFICE OF THE SECRETARY OF STATE**
**CITATIONS UNIT - P.O. BOX 12079**
**AUSTIN, TX, 78711**

**CITATION**

No.: **DC-17-02592**

T-K-O EQUIPMENT CO.
vs.
KOLBERG-PIONEER, INC., et al

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.
 Your answer should be addressed to the clerk of the **134th District Court**
at 600 Commerce Street, Dallas, Texas 75202.

 Said **PLAINTIFF** being **T-K-O EQUIPMENT CO.**

Filed in said Court 27th day of February, 2017 against
 **KOLBERG-PIONEER, INC.; JOHNSON CRUSHERS INTERNATIONAL, INC.; AND ASTEC
 MOBILE SCREENS, INC.**

 For suit, said suit being numbered **DC-17-02592** the nature of which demand is as follows:
 Suit On **OTHER (CIVIL)** etc.
as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned
unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
 Given under my hand and the Seal of said Court at office **on this the 7th day of March, 2017**
ATTEST: FELICIA PITRE
Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
 /s/ Carmen Moorer
 **CARMEN MOORER**

ISSUED
**ON THIS THE 7TH DAY OF MARCH,
2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

 By **CARMEN MOORER**, Deputy
_____

Attorney for : Plaintiff
 **JEFFREY LOWENSTEIN**
 **BELL NUNNALLY & MARTIN LLP**
 **3232 MCKINNEY AVE STE 1400**
 **DALLAS TX 75204**
 **214-740-1400**

**DALLAS COUNTY
SERVICE FEES
NOT PAID**

**OFFICER'S RETURN**
**FOR INDIVIDUALS**

Cause No. DC-17-02592

Court No: 134th District Court

Style: T-K-O EQUIPMENT CO.
 vs.
KOLBERG-PIONEER, INC., et al

　　　Received this Citation the _____day of_____, 20_____at_____o'clock.  Executed at _____, within the County of _____, State of_____, on the _____day of _____, 20_____, at _____o'clock, by delivering to the within named_____ each in person, a copy of this Citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

**OFFICER'S RETURN**
**FOR CORPORATIONS**

Received this Citation the _____day of_____, 20_____at_____o'clock ___.M.  Executed at _____, within the County of _____, State of_____, on the _____day of _____, 20_____, at _____ o'clock ____ .M. by summoning the within named Corporation, _____ by delivering to _____ _____ _____
_____President - Vice President - Registered Agent - in person, of the said
_____
　　　a true copy of this citation together with the accompanying copy of Plaintiff's  original petition, having first indorsed on same the date of delivery.

----------000000----------

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:　　　To certify which witness by my hand.

| | | |
|---|---|---|
| For Serving Citation | $_____ | Sheriff_____ |
| For Mileage | $_____ | County of_____ |
| For Notary | $_____ | State of_____ |
| Total Fees | $_____ | By_____ |

(Must be verified if served outside the State of Texas)
State of_____
County of_____
　　　Signed and sworn to me by the said_____before me this_____
day of _____, 20_____, to certify which witness my hand and seal of office.

_____

Seal                                                                                                           State & County of

_____

# FORM NO.  353-3 - CITATION
# THE STATE OF TEXAS

To:

**ASTEC MOBILE SCREENS,  INC.**
**BY SERVING ITS REG AGENT NATIONAL REGISTERED AGENTS INC**
**1999 BRYAN ST STE 900**
**DALLAS TX  75201-3136**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty   days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **134th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **T-K-O EQUIPMENT CO.**

Filed in said Court  **27th day of February, 2017** against

**KOLBERG-PIONEER, INC., JOHNSON CRUSHERS INTERNATIONAL, INC., AND ASTEC MOBIL SCREENS, INC.**

For Suit, said suit being numbered **DC-17-02592,** the nature of which demand is as follows:
Suit on **OTHER (CIVIL)** etc. as shown on said petition, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 7th day of March, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas

By_____, Deputy
    /s/ Carmen Moorer
    CARMEN MOORER

---

**ESERVE**

**CITATION**

**DC-17-02592**

**T-K-O EQUIPMENT CO.**
**vs.**
**KOLBERG-PIONEER, INC., et al**

ISSUED THIS
**7th day of March, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  CARMEN MOORER, Deputy
_____

**Attorney for Plaintiff**
JEFFREY LOWENSTEIN
JLOWENSTEIN@BELLNUNNALLY.COM
BELL NUNNALLY & MARTIN LLP
3232 MCKINNEY AVE  STE 1400
DALLAS            TX  75204
214-740-1400



**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. :  DC-17-02592

Court No.134th District Court

Style: T-K-O EQUIPMENT CO.

 vs.

KOLBERG-PIONEER, INC., et al

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

FILED
DALLAS COUNTY
3/7/2017 2:34:25 PM
FELICIA PITRE
DISTRICT CLERK



**JUDGE DALE TILLERY PRESIDING**
**134TH JUDICIAL DISTRICT COURT**
**600 Commerce St., 6th Floor, Room 650**
**Dallas, Texas 75202-4606**
**214/653-7546 -- 134ᵗʰ Ct. Clerk**
**214/653-6995 -- Ct. Coordinator**
**fly@dallascourts.org**

March 07, 2017

JEFFREY LOWENSTEIN
BELL NUNNALLY & MARTIN LLP
3232 MCKINNEY AVE  STE 1400
DALLAS          TX  75204

Re:   T-K-O EQUIPMENT CO.  vs.  KOLBERG-PIONEER, INC., et al
      DC-17-02592

All Counsel of Record/Pro Se Litigants:

Pursuant to Rule 165A of the Texas Rules of Civil procedure, and the inherent power of the Court, the above case is set for dismissal on:

**May 19, 2017** at **10:00 AM**

If **NO ANSWER** has been filed you are expected to have moved for a default judgment on or prior to the above stated date.  Failure to move for a default judgment will result in the dismissal of the case on the above date.

If you have been unable to obtain service of process and you wish to retain the case on the docket, you must appear on the above date, unless you have obtained a new setting from the court coordinator.

Sincerely,

DALE TILLERY
Presiding Judge

pc:  JEFFREY LOWENSTEIN

**ALL PARTIES MUST BE MADE AWARE OF ALL COMMUNICATIONS WITH THE COURTS.**

RECEIVED

MAR 8 2017

@6:00 PM

FILED
DALLAS COUNTY
3/13/2017 12:17:33 PM
FELICIA PITRE
DISTRICT CLERK

FORM NO. 353-4—CITATION

~~THE STATE OF TEXAS~~

**ESERVE** (SOS)     Dianne Coffey

**To:**  **JOHNSON CRUSHERS INTERNATIONAL, INC**
**BY SERVING THE SECRETARY OF STATE**
**OFFICE OF THE SECRETARY OF STATE**
**CITATIONS UNIT - P.O. BOX 12079**
**AUSTIN, TX, 78711**

**CITATION**

No.: DC-17-02592

T-K-O EQUIPMENT CO.
vs.
KOLBERG-PIONEER, INC., et al

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with    the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.
  Your answer should be addressed to the clerk of the **134th District Court**
at 600 Commerce Street, Dallas, Texas 75202.

Said **PLAINTIFF** being **T-K-O EQUIPMENT CO.**

Filed in said Court 27th day of February, 2017 against
**KOLBERG-PIONEER, INC.; JOHNSON CRUSHERS INTERNATIONAL, INC.; AND ASTEC MOBILE SCREENS, INC.**

For suit, said suit being numbered  **DC-17-02592**  the nature of which demand is as follows:
Suit On  **OTHER (CIVIL)** etc.
as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
  Given under my hand and the Seal of said Court at office **on this the 7th day of March, 2017**
ATTEST: FELICIA PITRE
Clerk of the District Courts of Dallas, County, Texas

                    /s/ Carmen Moorer
By_____, Deputy
            **CARMEN MOORER**

**ISSUED**
**ON THIS THE 7TH DAY OF MARCH, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By **CARMEN MOORER**, Deputy

Attorney for : Plaintiff
**JEFFREY LOWENSTEIN**
**BELL NUNNALLY & MARTIN LLP**
**3232 MCKINNEY AVE  STE 1400**
**DALLAS        TX  75204**
**214-740-1400**



# DALLAS COUNTY
# SERVICE FEES
# NOT PAID

**OFFICER'S RETURN**
**FOR INDIVIDUALS**

Cause No. DC-17-02592

Court No: 134th District Court

Style: T-K-O EQUIPMENT CO.
vs.
KOLBERG-PIONEER, INC., et al

Received this Citation the _B 7TH_ day of _MARCH_, 20_17_ at _6 ⁰⁰_ o'clock. Executed at _____, within the County of _____, State of _____, on the _____ day of _____, 20____, at _____ o'clock, by delivering to the within named _____ each in person, a copy of this Citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

**OFFICER'S RETURN**
**FOR CORPORATIONS**

Received this Citation the _____ day of _____, 20____ at _____ o'clock ____.M. Executed at _____, within the County of _____, State of _____, on the _____ day of _____, 20____, at _____ o'clock ____.M. by summoning the within named Corporation, _____ by delivering to _____

President - Vice President - Registered Agent - in person, of the said

_____

a true copy of this citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:      To certify which witness by my hand.

| For Serving Citation | $_____ | Sheriff _____ |
| For Mileage | $_____ | County of _____ |
| For Notary | $_____ | State of _____ |
| Total Fees | $_____ | By _____ |

*RETURN / AFFIDAVIT PROOF - ATTACHED*

(Must be verified if served outside the State of Texas)

State of _____
County of _____
Signed and sworn to me by the said _____ before me this _____
day of _____, 20____, to certify which witness my hand and seal of office.

Seal

State & County of _____

## RETURN OF SERVICE

### Cause No. DC-17-02592

In The 134th Judicial District Court of
Dallas County, Texas

T-K-O EQUIPMENT CO.,
     Plaintiff

V.

KOLBERG-PIONEER, INC.;
et al
     Defendant

Came to hand on March 08, 2017, at 06:00 PM.

Executed at 1019 Brazos Street,1st Floor, Austin, TX 78701, within the County of Travis at 11:15 AM on March 09, 2017, by delivering to the within named:

### JOHNSON CRUSHERS INTERNATIONAL, INC.,

**by delivering to THE TEXAS SECRETARY OF STATE, by and through its designated agent, MICHELLE ROBINSON, true duplicate copies of this Citation together with Plaintiff's Original Petition and Application for Preliminary and Permanent Injunctive Relief, Exhibit A, and Civil Case Information Sheet, having first endorsed upon both copies of such process the date of delivery, and tendering the $55 Statutory Fee.**

I certify that I am approved by the Supreme Court of Texas, Misc. Docket No. 05-9122 under rule 103, 501 and 501.2 of the TRCP to deliver citations and other notices from any District, County, and Justice Courts in and for the State of Texas. I am competent to make this oath; I am not less than 18 years of age, I am not a party to the abovereferenced cause, I have not been convicted of a felony or a crime involving moral turpitude, and I am not interested in the outcome of the abovereferenced cause.

By: _____

Jeff Keyton
SCH-735, Exp: 7/31/2017

### VERIFICATION

STATE OF TEXAS     §
COUNTY OF TRAVIS   §

    BEFORE ME, A NOTARY PUBLIC, on this day personally appeared  Jeff Keyton, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are true and correct.
    Given under my hand and seal of office this March 09, 2017.

_____
NOTARY PUBLIC, STATE OF TEXAS

17-025315/067-0557 / 0561

HELEN LUPERCIO
Notary Public, State of Texas
Comm. Expires 11-04-2017
Notary ID 130429927

RECEIVED

MAR 8 2017

@ 6:00 PM

FILED
DALLAS COUNTY
3/13/2017 12:20:04 PM
FELICIA PITRE
DISTRICT CLERK

**FORM NO. 353-4—CITATION**

~~THE STATE OF TEXAS~~

<u>ESERVE</u> **(SOS)**     Dianne Coffey

To:   **KOLBERG-PIONEER, INC.**
      **BY SERVING THE SECRETARY OF STATE**
      **OFFICE OF THE SECRETARY OF STATE**
      **CITATIONS UNIT - P.O. BOX 12079**
      **AUSTIN, TX, 78711**

**CITATION**

| No.: DC-17-02592 |
|---|

T-K-O EQUIPMENT CO.
vs.
KOLBERG-PIONEER, INC., et al

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with   the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and  petition, a default judgment may be taken against you.
  Your answer should be addressed to the clerk of the **134th District Court**
at 600 Commerce Street, Dallas, Texas 75202.

**ISSUED**
**ON THIS THE 7TH DAY OF MARCH,**
**2017**

Said **PLAINTIFF** being **T-K-O EQUIPMENT CO.**

Filed in said Court 27th day of February, 2017 against
**KOLBERG-PIONEER, INC.; JOHNSON CRUSHERS INTERNATIONAL, INC.; AND ASTEC MOBILE SCREENS, INC.**

For suit, said suit being numbered   **DC-17-02592**  the nature of which demand is as follows:
  Suit On **OTHER (CIVIL)** etc.
as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
  Given under my hand and the Seal of said Court at office **on this the 7th day of March, 2017**
ATTEST: FELICIA PITRE
Clerk of the District Courts of Dallas, County, Texas

By _____/s/ Carmen Moorer_____ , Deputy
              **CARMEN MOORER**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By **CARMEN MOORER**, Deputy

Attorney for : Plaintiff
**JEFFREY LOWENSTEIN**
**BELL NUNNALLY & MARTIN LLP**
**3232 MCKINNEY AVE  STE 1400**
**DALLAS          TX  75204**
**214-740-1400**

# DALLAS COUNTY
# SERVICE FEES
# NOT PAID

Cause No. DC-17-02592

Court No: 134th District Court

Style: T-K-O EQUIPMENT CO.
vs.
KOLBERG-PIONEER, INC., et al

**OFFICER'S RETURN
FOR INDIVIDUALS**

Received this Citation the ____8th____ day of ____MARCH____ 20 _17_ at __6 __P.M__ o'clock. Executed at _____, within the County of _____, State of _____, on the _____ day of _____ 20 ____ at ____ o'clock, by delivering to the within named _____ each in person, a copy of this Citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

------------00000------------

**OFFICER'S RETURN
FOR CORPORATIONS**

Received this Citation the _____ day of _____ 20 ____ at _____ o'clock ____.M. Executed at _____, within the County of _____, State of _____, on the _____ day of _____, 20 ____, at _____ o'clock ____.M. by summoning the within named Corporation, _____ by delivering to _____
President – Vice President – Registered Agent - in person, of the said

a true copy of this citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

------------00000------------

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:    To certify which witness by my hand.

For Serving Citation    $_____    Sheriff _____
For Mileage    $_____    County of _____
For Notary    $_____    State of _____
Total Fees    $_____    By _____

RETURN/AFFIDAVIT
PROOF - ATTACHED

(Must be verified if served outside the State of Texas)
State of _____
County of _____
Signed and sworn to me by the said _____ before me this _____
day of _____, 20 ____, to certify which witness my hand and seal of office.

Seal                                    State & County of _____

# RETURN OF SERVICE

## Cause No. DC-17-02592

In The 134th Judicial District Court of
Dallas County, Texas

T-K-O EQUIPMENT CO.,
  Plaintiff

V.

KOLBERG-PIONEER, INC.;
et al
   Defendant

Came to hand on March 08, 2017, at 06:00 PM.

Executed at 1019 Brazos Street,1st Floor, Austin, TX 78701, within the County of Travis at 11:15 AM on March 09, 2017, by delivering to the within named:

### KOLBERG-PIONEER, INC.,

**by delivering to THE TEXAS SECRETARY OF STATE, by and through its designated agent, MICHELLE ROBINSON, true duplicate copies of this Citation together with Plaintiff's Original Petition and Application for Preliminary and Permanent Injunctive Relief, Exhibit A, and Civil Case Information Sheet, having first endorsed upon both copies of such process the date of delivery, and tendering the $55 Statutory Fee.**

I certify that I am approved by the Supreme Court of Texas, Misc. Docket No. 05-9122 under rule 103, 501 and 501.2 of the TRCP to deliver citations and other notices from any District, County, and Justice Courts in and for the State of Texas. I am competent to make this oath; I am not less than 18 years of age, I am not a party to the aboverereferenced cause, I have not been convicted of a felony or a crime involving moral turpitude, and I am not interested in the outcome of the aboverereferenced cause.

By: _____
   Jeff Keyton
   SCH-735, Exp: 7/31/2017

## VERIFICATION

STATE OF TEXAS  §
COUNTY OF TRAVIS §

  BEFORE ME, A NOTARY PUBLIC, on this day personally appeared Jeff Keyton, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are true and correct.
  Given under my hand and seal of office this March 09, 2017.

_____
NOTARY PUBLIC STATE OF TEXAS

17-025316/067-0561

FILED
DALLAS COUNTY
3/13/2017 4:58:58 PM
FELICIA PITRE
DISTRICT CLERK

Marissa Pittman

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:
**ASTEC MOBILE SCREENS, INC.**
**BY SERVING ITS REG AGENT NATIONAL REGISTERED AGENTS INC**
**1999 BRYAN ST STE 900**
**DALLAS TX 75201-3136**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **134th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **T-K-O EQUIPMENT CO.**

Filed in said Court **27th day of February, 2017** against

**KOLBERG-PIONEER, INC., JOHNSON CRUSHERS INTERNATIONAL, INC., AND ASTEC MOBIL SCREENS, INC.**

For Suit, said suit being numbered <u>**DC-17-02592,**</u> the nature of which demand is as follows:
Suit on **OTHER (CIVIL)** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 7th day of March, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____/s/ Carmen Moorer_____, Deputy
CARMEN MOORER

---

**ESERVE**

**CITATION**

DC-17-02592

**T-K-O EQUIPMENT CO.**
vs.
**KOLBERG-PIONEER, INC., et al**

ISSUED THIS
7th day of March, 2017

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: CARMEN MOORER, Deputy

**Attorney for Plaintiff**
JEFFREY LOWENSTEIN
JLOWENSTEIN@BELLNUNNALLY.COM
BELL NUNNALLY & MARTIN LLP
3232 MCKINNEY AVE STE 1400
DALLAS        TX 75204
214-740-1400

# DALLAS COUNTY
# SERVICE FEES
# NOT PAID

# OFFICER'S RETURN

Case No. : DC-17-02592

Court No.134th District Court

Style: T-K-O EQUIPMENT CO.

vs.

KOLBERG-PIONEER, INC., et al

Came to hand on the _____ day of _____, 20_____, at _____ o'clock_____ .M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____ day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

| | | | |
|---|---|---|---|
| For serving Citation | $_____ | _____ | |
| For mileage | $_____ | of_____County,_____ | |
| For Notary | $_____ | By_____Deputy | |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____





| T-K-O EQUIPMENT CO. | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | |
| | § | |
| **Plaintiff(s),** | § | |
| VS. | § | **134TH JUDICIAL DISTRICT** |
| | § | |
| KOLBERG-PIONEER, INC., ET AL | § | |
| | § | |
| **Defendant(s).** | § | **DALLAS COUNTY, TEXAS** |

## RETURN OF SERVICE

Came to my hand on **Thursday, March 9, 2017 at 2:00 PM,**
Executed at: **1999 BRYAN STREET, SUITE 900, DALLAS, TX 75201**
within the county of **DALLAS** at **3:40 PM,** on **Thursday, March 9, 2017,**
by individually and personally delivering to the within named:

**ASTEC MOBILE SCREENS, INC.**

By delivering to its **Registered Agent, NATIONAL REGISTERED AGENTS INC**
By delivering to its **Authorized Agent, KELVIN BENNETT**
a true copy of this

**CITATION, PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR PRELIMINARY
AND PERMANENT INJUNCTIVE RELIEF WITH EXHIBIT A
AND CIVIL CASE INFORMATION SHEET**

having first endorsed thereon the date of the delivery.

**BEFORE ME,** the undersigned authority, on this day personally appeared **Danny L. Haney** who after being duly sworn on oath states: "My name is **Danny L. Haney.** I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I have personal knowledge of the facts and statements contained in this affidavit and aver that each is true and correct. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I am familiar with the Texas Rules of Civil Procedure, and the Texas Practice and Remedies Codes as they apply to service of process. I am approved by the Supreme Court of Texas, Misc. Docket No. 05-9122 under Rule 103 and 501.2 of the TRCP to deliver citations and other notices from any District, County and Justice Courts in and for the State of Texas."

**Danny L. Haney**

Of:   **Dallas County**

By: _____
Authorized Person - SCH566 - Exp 03/31/20

**Subscribed and Sworn to by Danny L. Haney, Before Me, the undersigned authority, on this** _____ day of March, 2017.

JEFFREY E. KIRKPATRICK
Notary Public
STATE OF TEXAS
ID #6340836
My Comm. Exp. Oct. 28, 2017

Notary Public in and for the State of Texas

FILED
DALLAS COUNTY
3/23/2017 5:12:20 PM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO. DC-17-02592

| | | |
|---|---|---|
| T-K-O EQUIPMENT CO., | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | 134th JUDICIAL DISTRICT |
| | § | |
| KOLBERG-PIONEER, INC.; JOHNSON | § | |
| CRUSHERS INTERNATIONAL, INC.; | § | |
| and ASTEC MOBILE SCREENS, INC., | § | |
| | § | |
| **Defendants.** | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S EMERGENCY MOTION FOR EXPEDITED DISCOVERY

Plaintiff T-K-O Equipment Co. moves the Court for an order allowing expedited discovery pending the April 10, 2017, hearing on the Plaintiff's Application for Preliminary Injunctive Relief.

1.      Plaintiff filed this suit on February 27, 2017, requesting, among other things, a preliminary injunction enjoining Kolberg-Pioneer, Inc.; Johnson Crushers International, Inc.; and Astec Mobile Screens, Inc. from violating the Texas Fair Practices of Equipment Manufacturers, Distributors, Wholesalers, and Dealers Act (the "Dealer Act"), TEX. BUS. & COM. CODE Ann. §§ 57.001–155 (West). Specifically Plaintiff requested a preliminary injunction enjoining Defendants from a) terminating the Dealer Agreement with Plaintiff in violation of the Dealer Act; b) entering into or performing any other agreement with another dealer or entity for the sale, lease, or service of KPI-JCI machinery, parts, and equipment within Plaintiff's established territory; and c) contacting Plaintiff's customers, directly or indirectly, about its purported termination of the Dealer Agreement or the sale of KPI-JCI machinery, parts, and equipment by any other dealer.

2.      Plaintiff seeks an order authorizing the parties to engage in discovery on an expedited basis pending the hearing on the preliminary injunction. Plaintiff requests that the Court order the parties to respond to written discovery requests within five days of service; require service of written responses to discovery to be served via e-mail, fax, or hand delivery; and allow the parties to depose witnesses on five days notice.

## GROUNDS FOR RELIEF

3.      Plaintiff has good cause for this motion because of the emergency nature of this matter. Defendants have violated the Dealer Act by purporting to terminate the Dealer Agreement without good cause of an opportunity to cure, entering into an agreement with Texas Bearing Company, Inc. for it to represent Defendants' products within Plaintiff's established territory, and soliciting Plaintiff's existing customers and employees. Plaintiff has applied for a preliminary injunction to stop Defendants' wrongful conduct. While Plaintiff is in possession of evidence establishing violations of the Dealer Act, Plaintiff needs additional evidence from Defendants to establish the extent of imminent harm Plaintiff will suffer in the absence of an injunction.

4.      Plaintiff requests that it be permitted to obtain expedited discovery from Defendants and from non-party Texas Bearing Company, Inc. (the dealer Plaintiff understands has been assigned to replace Plaintiff) prior to the hearing on the temporary injunction so that Plaintiff may show the nature and extent of Defendants' conduct and why the Court should enter a preliminary injunction against such conduct. Unless expedited discovery is ordered by the Court, Plaintiff will have to try the preliminary injunction without discovery.

5.      Plaintiff seeks expedited discovery that is limited to issues pertinent to the preliminary injunction hearing. Specifically, Plaintiff seeks expedited discovery concerning:

    a.   any agreements Defendants have entered with other dealers for the sale or lease of Defendants' products to customers within T-K-O's territory;

    b.   the sale of Defendants' products to other dealers for the sale or lease of Defendants' products to customers within T-K-O's territory;

    c.   any communications with customers within T-K-O's territory as established by the Dealer Agreement; and

    d.   any purported good cause reason, as defined by the Dealer Act, for Defendants' termination of its agreement with T-K-O.

6.    Plaintiff further requests that the Court direct Defendants to preserve all evidence relevant to the case, to cease all destruction or erasure of documents, files or records, including but not limited to, computer generated data, immediately.

WHEREFORE, Plaintiff prays that the Court grant Plaintiff an order allowing the parties to conduct discovery for the hearing on Plaintiff's Application for a Preliminary Injunction on an expedited basis and that the Court grant Plaintiff such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**BELL NUNNALLY & MARTIN LLP**

By:     */s/Rachel O. Mathisen*
        Jeffrey S. Lowenstein
        State Bar No. 24007574
        jlowenstein@bellnunnally.com
        Randall K. Lindley
        State Bar No. 12367300
        rlindley@bellnunnally.com
        Rachel O. Mathisen
        State Bar No. 24102155
        rmathisen@bellnunnally.com

3232 McKinney Avenue, Suite 1400
Dallas, Texas 75204-2429
Telephone:  (214) 740-1400
Telecopy:  (214) 740-1499

**ATTORNEYS FOR PLAINTIFF
T-K-O EQUIPMENT CO.**

3142158_1 / 07972.52

CAUSE NO. DC-17-02592

| | | |
|---|---|---|
| T-K-O EQUIPMENT CO., | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 134th JUDICIAL DISTRICT |
| | § | |
| KOLBERG-PIONEER, INC.; JOHNSON CRUSHERS INTERNATIONAL, INC.; and ASTEC MOBILE SCREENS, INC., | § § § | |
| | § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

## ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION FOR EXPEDITED DISCOVERY

Came on for consideration Plaintiff's Emergency Motion for Expedited Discovery. The Court is of the opinion that expedited discovery in this case should be ordered. It is, therefore,

**ORDERED** that Defendants shall serve response to the requests for production within five calendar days of service. It is further

**ORDERED** that non-party Texas Bearing Company, Inc. shall serve response to the requests for production within five calendar days of service. It is further

**ORDERED** that the parties shall be allowed to depose witnesses upon five calendar days written notice of the deposition. It is further

**ORDERED** that Defendants shall preserve all evidence relevant to this case, cease all destruction and erasure of documents, files or records, including but not limited to, computer generated data, immediately.

Discovery responses and documents produced must be served in a manner that will ensure same day delivery to the opposing party.  Nothing in this order limits the rights of the parties to engage in other discovery allowed by the Texas Rules of Civil Procedure.

**SIGNED** on this _____ day of March, 2017.

_____
JUDGE PRESIDING

3143811_1/07972.52